SIEGLER, APPELLEE, *v.* BATDORFF, APPELLANT.
SIEGLER, APPELLEE, *v.* DOWLING, APPELLANT.

[Cite as Siegler v. Batdorff (1979), 63 Ohio App. 2d 76.]

(Nos. 39736 and 39737—Decided June 28, 1979.)

---

*Mr. David A. Schaefer* and *Mr. Charles J. Silverman,* for appellee.

*Mr. Theodore D. Meckler,* for appellants.

CORRIGAN, J.  This is an appeal from an order of the trial court granting the motion for summary judgment of plaintiff, Margit Siegler, appellee herein, in a forcible entry and detainer action. Plaintiff filed separate complaints against defendants, Lee Batdorff and Kim Dowling, appellants herein, for forcible entry and detainer in Cleveland Heights Municipal Court on May 16, 1978. In these complaints plaintiff alleged that she was the owner and landlord of the premises located at 1836 and 1838 Rock Court in Cleveland Heights. She further stated that both appellants were residing at the premises on month-to-month tenancies and that she had served them with a notice of termination of tenancy on March 31, 1978, and a notice to vacate the premises on May 2, 1978. Copies of both notices were attached to the complaints.

Appellants' motion for a continuance was granted by the trial court on June 5, 1978. On June 26, 1978, appellants each filed answers to the complaints. In the answers appellants admitted that plaintiff was the owner and landlord of the premises and that they were tenants on a month-to-month tenancy. Appellants denied in their answers that they were served with either a notice of termination of tenancy on March 31, 1978, or a notice to vacate the premises on May 2, 1978. In addition to the denials of plaintiff's allegations, appellants also raised as an affirmative defense that plaintiff retaliated against appellants in violation of R. C. Chapter 5321.

Appellants also raised three counterclaims against plaintiff. In the first claim appellants alleged that plaintiff failed to comply with all applicable building, housing, health and safety codes, in violation of R. C. 5321.04(A) and the rental agreement. Appellants alleged in their second claim that on April 13, 1978, they complained to a governmental agency about the alleged code violations and joined with other tenants to bargain collectively with plaintiff over the terms of the rental agreement. Appellants alleged that plaintiff retaliated against these actions of appellants by filing a notice to vacate and the complaint for forcible entry and detainer. In the third claim ap-

pellants alleged that plaintiff's action of filing the notice to vacate and the complaint infringed upon appellants' First Amendment right of free speech.

On July 6, 1978, appellants filed motions for a continuance and for separate trials. A hearing on the motion for separate trials was heard and overruled by the trial court. The trial court granted the motion for a continuance. Subsequently, on July 17, 1978, by leave of court, plaintiff filed a motion for summary judgment on the issue of possession of the premises. Attached to the motion was an affidavit of plaintiff, stating that she was the owner of the premises, that there was no lease between the parties, and that no rent had been accepted from appellants since May 1, 1978. Alex Hausman, an agent and rent collector of plaintiff, executed an affidavit in which he stated that he had served notice of termination of tenancy on appellants and that he had received no rent from appellants since May 1, 1978. Also attached to the motion was the affidavit of plaintiff's counsel, in which he stated that he had prepared and sent by certified mail to the appellants a notice to vacate the premises. A copy of the return receipt and a certified copy of the deed to the property were also attached in support of the motion.

Appellants filed a motion to dismiss or to join the city of Cleveland Heights as an indispensable party on July 18, 1978. The record shows that the buildings at issue were declared a public nuisance and ordered demolished by the building commissioner of Cleveland Heights on June 14, 1978. On June 23, 1978, plaintiff authorized the city to demolish the buildings at her cost. Appellants argued that because of the authorization to the city, plaintiff was no longer the landlord of the premises.

Plaintiff filed a motion on July 20, 1978, to try separately appellants' counterclaims. On July 26, 1978, appellants filed a brief in opposition to the motion for summary judgment. In this brief appellants argued that the motion was not proper, for there were material issues of fact concerning whether plaintiff was the landlord of the premises and whether proper notice was given to appellants. No supporting affidavits were attached to the brief.

After a hearing was conducted, the trial court, on July 26, 1978, overruled plaintiff's motion for summary judgment and appellants' motion to dismiss for failure to join an indispens-

able party. The record shows that the trial of the action was scheduled to commence on July 28, 1978. On that date the attorneys for the parties orally stipulated that the actions of appellants involving the complaints to the government agency and attempt to form a union occurred after the notice of termination of tenancy was filed by plaintiff. The parties also stipulated that the 30-day notice of termination complied with the requirements of R. C. 5321.17(B). The stipulations were made before a court reporter and the transcript of this proceeding was included in the record on appeal pursuant to appellants' motion to supplement the record. Subsequent to this, but on the same day (July 28, 1978), the trial court *sua sponte* reconsidered its previous ruling on the motion for summary judgment and granted the motion. From this order appellants filed notices of appeal.[1]

On September 15, 1978, plaintiff filed a motion for summary judgment with respect to the counterclaims. This motion was granted by the court in an entry filed December 6, 1978. On appeal three assignments of error have been raised:

I. It was error for the trial court to grant appellee's motion for summary judgment.

II. It was error for the trial court to grant appellee's motion for separate trial of the counterclaims.

III. It was error for the trial court to deny appellants' motion to dismiss or to join an indispensable party.

## I.

Appellants argue as their first assignment of error that the trial court erred by granting plaintiff's motion for summary judgment. The initial issue to be addressed is whether or not summary judgment proceedings are applicable to proceedings in forcible entry and detainer. Civ. R. 1(C)(3) states that the Civil Rules, "* * *to the extent that they would by

---

[1] At the time appellants filed their notices of appeal the counterclaims against plaintiff were still pending before the trial court. The order of the court granting the motion for summary judgment did not state that there was "no just reason for delay." Consequently, the trial court's order was not final, and the notice of appeal was premature. Civ. R. 54(B). See *Alexander* v. *Buckeye Pipe Line Co.* (1977), 49 Ohio St. 2d 158. All other claims before the trial court were resolved when the trial court granted plaintiff's motion for summary judgment on December 6. App. R. 4(A) provides that a notice of appeal filed prior to the entry of judgment will be deemed to be filed on the day of entry of judgment. Consequently, the jurisdiction of this court was subsequently properly invoked.

their nature be clearly inapplicable, shall not apply to procedure***in forcible entry and detainer***."

The language of Civ. R. 1(C)(3) does not impose a complete prohibition of the application of the Rules of Civil Procedure to forcible entry and detainer proceedings.[2] Rather, the Civil Rules will not govern the proceedings when, by their nature, the rules would be clearly inapplicable. One situation in which the Civil Rules would be clearly inapplicable is when the proceeding is established by a statute which also sets out specific procedures to be followed. See, e.g., R. C. 1923.07 (proceedings on default of defendant). The Civil Rules will also be inapplicable if their application would frustrate the purpose of the proceeding. *State, ex rel. Civil Rights Comm.*, v. *Gunn* (1976), 45 Ohio St. 2d 262, 266-67.

Proceedings in forcible entry and detainer are intended to provide an expeditious means of resolving the issue of possession of lands and tenements. Similarly, the purpose of summary judgment is to provide for an expeditious way in which to dispose of lawsuits when there is no issue of material fact. *Bowlds* v. *Smith* (1961), 114 Ohio App. 21, 28. Thus, the summary judgment provisions of the Civil Rules are consistent with the intent of proceedings in forcible entry and detainer, for summary judgment assists, rather than impedes, in the swift disposition of the issue in these proceedings. Cf. *Dvorak* v. *Municipal Civil Service Comm.* (1976), 46 Ohio St. 2d 99, 102-03.

Civ. R. 56(C) states that a court may render summary judgment when there is no genuine issue of material fact and, after construing the evidence most strongly in favor of the nonmoving party, reasonable minds could come to but one conclusion and that conclusion is adverse to the nonmoving party. See *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64. Forcible entry and detainer proceedings are governed by R. C. Chapter 1923. Prior to 1974, the primary issue in such proceedings was the determination of who had the right to lawfully possess the premises. The only other requirement in these proceedings was that plaintiff was under an obligation to notify the tenant at least three days prior to the filing of the

---

[2] See, *e.g., Eisenberg* v. *Peyton* (1978), 56 Ohio App. 2d 144, a forcible entry and detainer case, holding that referees must comply with the requirements of Civ. R. 53.

complaint to leave the premises or an action for possession would be commenced. R. C. 1923.04. In 1974 the Ohio General Assembly enacted the Ohio Landlord-Tenant Act. (R. C. Chapter 5321.) Among other things, this Act provides that in order for a landlord to terminate a month-to-month tenancy, he must give the tenant notice at least 30 days prior to the rent date. R. C. 5321.17(B). In addition, R. C. 5321.02 provides that if the landlord brings or threatens to being an action against the tenant for possession in retaliation against the tenant's forming a union, complaining to a governmental agency about a violation of a building, housing, health or safety code, or complaining to the landlord about a breach of the landlord's statutory obligations, the tenant may raise the issue of retaliation as a defense to the landlord's action for possession. Thus, with respect to a landlord-tenant situation, a mere showing of a right to lawful possession by the landlord and a three-day notice is not sufficient to prevail in a forcible entry and detainer proceeding.

In the present case appellants argue that there were genuine issues of fact concerning whether (1) plaintiff was the landlord of the premises, (2) notice of termination of tenancy was given, (3) notice to vacate the premises was given, and (4) notice to vacate the premises was retaliatory. Issues are framed by the pleadings. R. C. 2311.02. This section provides that an issue arises when one fact or conclusion of law is maintained by one party and controverted by the other. In the present case plaintiff alleged in her complaints and appellants admitted in their answers that plaintiff was the owner and the landlord of the premises. Therefore, this fact was not in issue.

With respect to the notice to terminate tenancy and the notice to vacate the premises, the record shows that a copy of each was attached to each complaint for forcible entry and detainer. Consequently, the copies of the notices became part of the pleadings. See Civ. R. 10(C). The record further shows that the motion for summary judgment was filed on July 17, 1978. Attached to this motion were additional copies of the notices as well as affidavits stating that the notices were properly and timely served. A hearing on the motion was held on July 26, 1978. Also on that date appellants filed a brief in opposition to the motion for summary judgment. No counter affidavits were attached to this brief.

Civ. R. 56(E) provides that when a motion for summary judgment is made and supported, as provided in the rule, the adverse party may not rest upon the allegations or the denials in the pleadings, but rather, must respond by affidavit or other permissible evidence to show that there is a genuine issue of material fact. An unsupported allegation in the pleadings is not sufficient to defeat a motion for summary judgment which is accompanied by affidavits. *Cunningham* v. *J. A. Meyers Co.* (1964), 176 Ohio St. 410, 413-14. See, also, *State, ex rel. Garfield Heights,* v. *Nadratowski* (1976), 46 Ohio St. 2d 441, 442-43. Consequently, in the absence of evidence to the contrary, it was not error for the trial court to conclude that there was no genuine issue of fact and that plaintiff timely notified appellants of the termination of tenancy, pursuant to R. C. 5321.17(B), and to vacate the premises pursuant to R. C. 1923.04.

In their reply brief appellants argue that the trial court erred by conducting a hearing on the motion for summary judgment less than 14 days after the motion was filed, in contravention of Civ. R. 56(C). The record reflects that the hearing on the motion was held nine days after plaintiff filed her motion for summary judgment. The record does not reflect, however, that appellants objected at the hearing to the shortened time. Consequently, the 14-day requirement was waived. Cf. *Perazzo* v. *Dayton Hasty-Tasty, Inc.* (1962), 119 Ohio App. 453, 455. In addition, appellants do not argue that counter affidavits would have been forthcoming had the additional time been given. Thus, there is no showing that the shortened time period worked to the prejudice of appellants.

Appellants also argue that there was a genuine issue of fact concerning whether the giving of notice to vacate by plaintiff to appellants was in retaliation to the acts of appellants. In a landlord-tenant situation the provisions of R. C. Chapter 1923 must be read in light of R. C. Chapter 5321, which governs the rights and obligations of landlords and tenants. These code sections set out a three-step process which must be followed by a landlord before a court will order a tenant to vacate the premises. The three steps are: (1) a notice of termination of tenancy (R. C. 5321.17); (2) a notice to vacate the premises (R. C. 1923.04); and (3) a complaint in forcible entry and detainer. In the present case the tenancy was from

month to month. Consequently, the notice of termination had to be given at least 30 days prior to termination. R. C. 5321.17(B). Thus, when a tenant is living by a month-to-month tenancy, a minimum of 33 days must be allowed before the landlord may initiate proceedings for ejectment.

In appellants' answers they alleged that plaintiff's attempt to gain possession of the premises was in retaliation to the acts of appellants of complaining of building code violations to a governmental agency and attempting to form a tenants' union. R. C. 5321.02(B) provides that such retaliatory conduct may be raised as a defense in an action by the landlord to recover possession of the premises. Appellants also stated in their answers that this activity by the tenants took place on April 13, 1978. This action was subsequent to the action of plaintiff's notice of termination of tenancy, the first step in the process of seeking to have appellants removed from the premises by order of court. Thus, the eviction process had been initiated by plaintiff prior to the tenants' actions which appellants claim plaintiff was retaliating against.

According to the notice of termination, appellants would be holding over their term as of May 1, 1978. Plaintiff filed the notice to vacate on May 2, 1978, the first possible day after the expiration of appellants' tenancy. The immediate filing of the notice to vacate indicates that it was done as the second step of the three-step process of regaining possession, and not done in retaliation to the April 13 acts of appellants. Moreover, R. C. 5321.03(A)(4) states that the retaliatory conduct of the landlord may not be raised as a defense in a forcible entry and detainer proceeding when the tenant is holding over his term. As was stated earlier, the record reflects that appellants' tenancy terminated May 1, and after that day they were holdovers. Thus, the defense of the landlord's retaliatory conduct would not defeat plaintiff's attempt to prevail in a forcible entry and detainer proceeding. Similarly, the allegation of retaliatory conduct is insufficient to prevent the court from rendering summary judgment in the present case.

Appellants also argue with respect to the summary judgment motion that the trial court erred by relying on oral stipulations when ruling on the motion. A court reporter was present at the time the stipulations were made and a copy of the transcript of the proceedings has been included in the

record on appeal. From a list of the types of evidence set out in Civ. R. 56(C) upon which a court may rely when ruling on a motion for summary judgment, only documentary evidence may be considered. Oral testimony is not permitted with this motion. *Myers* v. *Travelers Ins. Co.* (1968), 14 Ohio St. 2d 76, 79. Appellants argue that Civ. R. 56(C) provides only for written stipulations of fact, and therefore, the court could not consider the stipulations made by the parties in the present case when ruling on the motion.

The stipulations at issue were that the activity of appellants, for which they argued plaintiff was retaliating, occurred subsequent to the 30-day notice of termination of tenancy and that this notice was given in compliance with R. C. 5321.17. The record shows that these facts were also established by the affidavits and pleadings of the parties. Therefore, reliance by the trial court on these stipulations, if improper, was not prejudicial to appellants. A review of the record reflects that the trial court did not err by granting plaintiff's motion for summary judgment. Appellants' first assignment of error is overruled.

## II.

As their second assignment of error, appellants argue that the trial court erred by granting plaintiff's motion to try the counterclaims separately from plaintiff's claim for possession of the premises. Plaintiff's motion was made pursuant to Civ. R. 42(B). This portion of the rule provides:

"The court, after a hearing, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, or third-party claims, or issues, always preserving inviolate the right to trial by jury."

The granting or denying of a motion to separate claims for trial lies within the sound discretion of the trial court. *State, ex rel. Jacobs,* v. *Municipal Court* (1972), 30 Ohio St. 2d 239, 241; *Fair* v. *School Employees Retirement System* (1975), 44 Ohio App. 2d 115, 120. In the brief in support of her motion plaintiff stated that because of the terms of her insurance policy covering the premises, counsel other than the attorneys which were

representing her in the forcible entry and detainer pro-
ceedings, would represent her in defense of appellants'
counterclaims. She also stated that the new counsel was un-
prepared to proceed with the case by the July 28th trial date.
On the other hand, both parties were prepared to proceed with
plaintiff's claim for possession of the premises. Therefore, she
concluded, the trial court should separate plaintiff's claim from
appellants' counterclaims rather than continue the entire case.

A review of the defenses and claims countained in ap-
pellants' answers and counterclaims reflect that similar issues
were raised. The counterclaims, however, concerned money
damages only. Thus, they were separable from the issue of
possession raised by plaintiff in her complaint. As was stated
earlier, the purpose of forcible entry and detainer proceedings
is to provide an expeditious means of resolving the issue of
possession of land and tenements. The effect of overruling
plaintiff's motion to separate the claims for trial would have
delayed this proceeding further. Consequently, the trial court
did not err by granting the motion to separate. Although
similarity of issues between appellants' defenses and
counterclaims did exist, in light of the surrounding cir-
cumstances of this case, this similarity of issues alone is not
sufficient to establish that the trial court abused its discretion
by granting the motion.

In addition to the above, the record shows that the trial
court granted plaintiff's motion for summary judgment on Ju-
ly 28, 1978, two days after granting the motion to separate the
claims for trial. The summary judgment motion was directed
solely to the plaintiff's claim for possession and did not con-
cern appellants' counterclaims. Upon the granting of the mo-
tion for summary judgment, the counterclaims remained pend-
ing in the trial court for adjudication. Thus, the trial court's
ruling on the motion for separation of claims became moot by
the court's subsequent ruling. Appellant's second assignment
of error is not well taken.

### III.

Appellants argue as their third assignment of error that
the trial court erred by overruling their motion to join the city
of Cleveland Heights as a party to the proceedings. The record
shows that the city of Cleveland Heights informed plaintiff by

letter dated June 14, 1978, that the demolition of plaintiff's buildings at Rock Court had been ordered. On June 23, 1978, plaintiff informed the city that she would comply with the adjudication order directing the demolition of the structures and that she waived any right she may have to appeal from that order. Appellants argue that the effect of her waiver of appeal was to relinquish ownership of the premises to the city. Civ. R. 19(A) states in pertinent part:

"A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest * * *."

In a forcible entry and detainer proceeding the issue before the court is the right to possession of the property. The issue concerning the demolition order is the physical condition of the structures. In the present case the city is not attempting to gain possession of the premises. Nor can plaintiff's waiver of appeal from the demolition order be read so broadly as to conclude that she is no longer the owner of the property. As was stated earlier, appellants admitted in their answers that plaintiff was the owner and landlord of the premises. In addition, plaintiff attached a certified copy of the deed to the premises to her motion for summary judgment. Thus, the record clearly indicates that plaintiff still holds title to the property. Moreover, plaintiff's waiver of appeal concerns only the demolition of the buildings. It does not affect her right to manage the properties and collect rents.

The issues in the forcible entry and detainer proceeding and the demolition order are not the same. Nor is the adjudication of one issue dependent upon the other. Complete relief can be granted to the parties in the forcible entry and detainer proceeding without joining the city as a party. Consequently, the trial court did not err by overruling appellants' motion to join the city as an indispensable party. Appellants' third

assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JACKSON, P. J., and PATTON, J., concur.