**State, ex rel. Pizza, v. Rayford**
[Cite as 6 AOA 189]

*Case No. L-89-243*
*Lucas County, (6th)*
*Decided August 31, 1990*

Anthony G. Pizza, Prosecuting Attorney, Steven J. Papadimos and Ford P. Weber, for Appellee.

Arnold N. Gottlieb, for Appellant.

ABOOD, J.

This is an appeal from a judgment of the Lucas County Court of Common Pleas granted in favor of plaintiff-appellee on a complaint to abate a nuisance brought pursuant to R.C. Chapter 3767.

Appellant, Henry E. Rayford, sets forth the following assignment of error:

"THE COURT IMPROPERLY GRANTED APPELLEE'S REQUEST FOR A PERMANENT INJUNCTION SINCE ALL OF THE EVIDENCE IN THE CASE WAS PRESENTED DURING THE PRELIMINARY INJUNCTION HEARING WHICH WAS HELD IN VIOLATION OF STATUTORY LAW."

The factual and procedural history of this case is as follows. On April 3, 1989, appellee, the state of Ohio, filed a complaint pursuant to R.C. Chapter 3767, seeking injunctive relief to abate nuisance conditions at appellant's premises at 731 Hoag Street, Toledo, Ohio. The complaint alleged that the premises had been used for purposes of felony drug violations pursuant to R.C. Chapters 2925 and 3719. With the complaint, appellee filed a motion for a temporary restraining order and an application for a preliminary injunction requesting that the premises be closed and padlocked until further order of the court. On April 3, 1989, the court filed a judgment entry in which it granted appellee's *ex parte* motion for a temporary restraining order finding that the property was a public nuisance and ordering that the premises be closed and padlocked pending a final decision on the applications for a preliminary and permanent injunction. The case was continued to April 17, 1989, for further hearing on the merits of appellee's application for a preliminary injunction. On April 17, 1989, appellant appeared without counsel and a hearing was held after which the court ordered

that the premises be closed and padlocked pending final decision on the complaint for permanent injunction. The case was continued to June 12, 1989, for hearing on the merits of appellee's complaint for permanent injunction. On June 12, 1989, the case was continued to June 16, 1989, to permit appellant to retain counsel. On June 20, 1989, Attorney Arnold Gottlieb entered his appearance as counsel for appellant and at his request the case was continued to June 26, 1989, for hearing on the merits. On June 26, 1989, appellant filed a motion to dissolve the preliminary injunction and for a new evidentiary hearing. Appellant argued that the preliminary injunction hearing held on April 17, 1989, was held in violation of the statutory time requirements set forth in R.C. 3767.04. Specifically, appellant argued that the preliminary injunction hearing should have been held within ten days of the filing of the complaint instead of fourteen days thereafter as it had been in this case. On July 7, 1989, the case was called for hearing on this motion and on appellee's complaint for permanent injunction. The court found appellant's motion to dissolve not well-taken and then proceeded to the hearing on the complaint. The state chose not to present evidence on the merits of its complaint for permanent injunction at that time but to submit the case to the court for consideration and determination on the evidence that it had presented on April 17, 1989, at the hearing on the motion for preliminary injunction. The appellant also chose to present no evidence. Following oral arguments the court found the state's complaint for permanent injunction well-taken and ordered the premises padlocked for a period of not less than one year from that date. On August 14, 1989, appellant filed a timely notice of appeal.

In his sole assignment of error, appellant argues that R.C. 3767.04 requires that a preliminary injunction hearing be held within ten days after the filing of the petition and, since the hearing on appellee's application for preliminary injunction was not held until fourteen days after the filing of the petition, the court was without jurisdiction to hold the hearing and had no authority to consider the evidence presented at that hearing as evidence in the hearing on the complaint for permanent injunction. Appellant further contends that, since the parties elected not to present evidence at the July 7, 1989 hearing, there was no evidence before the court upon which it could grant a permanent injunction. In response, appellee maintains that the right to a

ten day hearing is designed to ensure the petitioner a prompt hearing, not to afford the defendant a hearing. Appellee further maintains that it was the fourteen day requirement set forth in Civ. R. 65 that is applicable, not the ten day requirement, and alternatively that the ten day requirement was satisfied by the *ex parte* hearing on the temporary restraining order which was held on April 3, 1989, the date the petition was filed. Finally, appellee argues that even if the state failed to comply with the statutory procedures set forth in R.C. 3767.04, this did not deprive the court of jurisdiction.

Beginning first with appellee's claim that the *ex parte* hearing satisfied the time requirement, when reviewing R.C. 3767.04 and Civ. R. 65, it is clear that the only reasonable interpretation is that the "temporary injunction" referred to in R.C. 3767.04 is analogous to the "preliminary injunction" referred to in Civ. R. 65. Appellee's claim that the *ex parte* hearing held on April 3, 1989, satisfied the ten day requirement of R.C. 3767.04 for a temporary injunction is, therefore, misplaced and not valid.

The next issue is whether, in an action for injunction brought pursuant to R.C. Chapter 3767, the hearing on the temporary injunction provided for by R.C. 3767.04 must be held within the ten days provided for therein or within the fourteen days which Civ. R. 65 provides is the maximum length of time that an *ex parte* temporary restraining order may remain in effect.

Civ. R. 1 provides, in pertinent part, as follows:

"(A) Applicability. These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in subdivision (C) of this rule.

"***

"(C) Exceptions. These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure, *** (7) in all other special statutory proceedings; provided, that where any statute provides for procedure by a general or specific reference to all the statutes governing procedure in civil actions such procedure shall be in accordance with these rules."

One situation in which the civil rules would be clearly inapplicable is when the proceeding is established by a statute which also sets out specific procedures to be followed. *Siegler v. Batdorff* (1979), 63 Ohio App. 2d 76, 80.

R.C. 3719.10 provides, in pertinent part, as follows:

"Premises or real estate, *** on which a felony violation of Chapter 2925 or 3719 of the Revised Code occurs constitute a nuisance subject to abatement pursuant to Chapter 3767 of the Revised Code."

R.C. 3767.03 permits any citizen of a county in which there allegedly exists a nuisance to bring an abatement action in the name of the state. R.C. 3767.04 sets forth the procedure upon which such an action is brought and provides, in pertinent part, as follows:

"The action, provided in section 3767.03 of the Revised Code, shall be brought in the court of common pleas of the county in which the property is located. At the commencement of the action a verified petition alleging the facts constituting the nuisance shall be filed in the office of the clerk of the court of common pleas.

"After the filing of the petition, *application for a temporary injunction may be made to the court or a judge thereof who shall grant a hearing within ten days after the filing. Where such application for a temporary injunction is made, the court or judge thereof may, on application of the complainant, issue an ex parte restraining order, restraining the defendant and all other persons from removing or in any manner interfering with the personal property and contents of the place where such nuisance is alleged to exist until the decision of the court or judge granting or refusing such temporary injunction and until the further order of the court thereon. ****.* (Emphasis added.)

In this case, as set forth above, the complaint for permanent injunction pursuant to R.C. Chapter 3767, a motion for an *ex parte* temporary restraining order and an application for preliminary injunction were filed on April 3, 1989. The court granted appellee's motion for an *ex parte* temporary restraining order and set the hearing on appellee's application for preliminary injunction on a date fourteen days after the date on which the complaint was filed. While this may be proper in situations where there is no direction otherwise, in this proceeding, R.C. 3767.04, clearly sets forth a separate statutory time period in which an injunction hearing must be held.

Upon consideration of the foregoing, this court finds:

(1) in an action for injunction brought pursuant to R.C. Chapter 3767, the hearing on the temporary injunction provided for by R.C. 3767.04 must be held within the ten days provided for therein;

(2) the trial court did not hold the hearing on the motion for temporary injunction within the time required by law and, therefore, was without jurisdiction to conduct those proceedings;

(3) since the court was without jurisdiction to conduct the April 17, 1989, proceedings, the evidence presented on that date was not lawfully before the court; and,

(4) since the parties elected to present no evidence at the July 7,1989 hearing, there was no evidence lawfully before the court at the hearing on appellee's complaint for permanent injunction. Accordingly, appellant's sole assignment of error is found well-taken.

On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed. It is hereby ordered that appellee pay the court costs of this appeal.

*Judgment reversed.*

HANDWORK, P.J., GLASSER, J., ABOOD, J., concur.