JOURNAL ENTRY and OPINION
Defendant-appellant Virginia Sanders appeals the trial court's decision granting summary judgment in favor of plaintiff-appellee Indian Hills Senior Community, Inc. For the reasons below, we affirm.
Sanders and Indian Hills entered into a lease agreement on February 17, 1998. Pursuant to the agreement a two-year lease term commenced on March 1, 1998 and ended on February 28, 2000.
On January 3, 2000, Judith Gore, an employee of Indian Hills, hand-delivered a letter to Sanders notifying her that her lease was not going to be renewed. The letter further requested that she vacate the premises on or before the end of the lease term. Sanders acknowledges receipt of the letter in her affidavit attached to her brief in opposition to summary judgment.
On March 1, 2000, Juan Villanueva, the property manager of Indian Hills hand-delivered an eviction notice to Sanders, which demanded that she vacate the premises on or before March 7, 2000. Sanders admits receiving the notice in her answer and counterclaim.
On March 13, 2000, Indian Hills commenced this action by filing a complaint for eviction against Sanders in the Euclid Municipal Court. Sanders responded by filing an answer and counterclaim alleging that Indian Hills' act of not renewing her lease constituted retaliation for her participation in a tenant organization which complained of several alleged violations of building and safety codes.
In May 2000, at the request of Sanders, this matter was certified to the Cuyahoga County Common Pleas Court. Indian Hills moved for summary judgment on both its claim and Sanders' counterclaims. The trial court granted summary judgment in favor of Indian Hills.
Sanders' sole assignment of error argues:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT PLAINTIFF-APPELLEE INDIAN HILLS SENIOR COMMUNITY, INC. WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW IN ITS EVICTION ACTION AND IN THE COUNTERCLAIM OF DEFENDANT-APPELLANT VIRGINIA SANDERS AND, THEREFORE, ERRED AS A MATTER OF LAW IN ENTERING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF-APPELLEE INDIAN HILLS SENIOR COMMUNITY, INC. IN THE EVICTION ACTION AND THE COUNTERCLAIM.
This court reviews the lower court's granting of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 671 N.E.2d 241; Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581,585, 706 N.E.2d 860.
The Ohio Supreme Court has established that summary judgment under Civ.R. 56 is proper when:
 (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.
 See, Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-70, 696 N.E.2d 201; State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267.
The party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330, 91 L.Ed.2d 265, 106 S.Ct. 2548; Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798.
Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59, 604 N.E.2d 138. However, there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 249-250.
Sanders argues that Indian Hills' act of not renewing her lease was a retaliatory act. She further argues that at the end of the lease term, she became a month-to-month tenant, and therefore was entitled to thirty days notice of the termination of the lease.
Indian Hills contends that at the end of the lease Sanders became a hold-over tenant. We agree.
A landlord is required to follow a three-step process before a court will order the tenant to vacate a premises. Siegler v. Batdorff (1979),63 Ohio App.2d 76, 408 N.E.2d 1383, at paragraph three of syllabus. The landlord must provide (1) a notice of termination of tenancy; (2) a notice to vacate the premises; and then the landlord must file (3) a complaint in forcible entry and detainer. Id.
Here, Indian Hills followed the requisite three-step process. First, it sent Sanders a notice of termination of tenancy on January 3, 2000, and this notice also included a notice to vacate the premises. On March 1, 2000, Indian Hills repeated step two by sending Sanders a second notice to vacate the premises. Finally, it filed a complaint for eviction.
Sanders argues that Indian Hills did not comply with the three-step process described above. She contends that, as of March 1, 2000, she became a month-to-month tenant, and was entitled to thirty days notice of termination. Therefore, she argues that the seven-day eviction notice that she received on March 1, 2000 was not proper notice of termination.
Sanders' contention is without merit. A month-to-month tenancy would have commenced on March 1, 2000, if Indian Hills had not already sent her the notice of non-renewal on January 3, 2000. However, because Indian Hills had exercised its right not to renew the lease, and provided notice to Sanders of its intention, Sanders was not a month-to-month tenant.
Next, we must analyze whether Indian Hills' act of not renewing the lease in question constitutes retaliatory conduct.
R.C. 5321.02 prohibits retaliatory conduct by landlords and provides:
 (A) Subject to section 5321.03 of the Revised Code, a landlord may not retaliate against a tenant by * * * bringing or threatening to bring an action for possession of the tenant's premises because:
 (1) The tenant has complained to an appropriate governmental agency of a violation of a building, housing, health, or safety code that is applicable to the premises, and the violation materially affects health and safety;
 (2) The tenant has complained to the landlord of any violation of section 5321.04 of the Revised Code;
 (3) The tenant joined with other tenants for the purpose of negotiating or dealing collectively with the landlord on any of the terms and conditions of a rental agreement.
 (B) If a landlord acts in violation of division (A) of this section the tenant may:
 (1) Use the retaliatory action of the landlord as a defense to an action by the landlord to recover possession of the premises * * *.
(Emphasis added.)
As stated in R.C. 5321.02, this provision is subject to R.C. 5321.03
which provides:
 (A) Notwithstanding section 5321.02 of the Revised Code, a landlord may bring an action under Chapter 1923. of the Revised Code for possession of the premises if:
* * *
(4) A tenant is holding over his term.
Thus, retaliatory conduct of the landlord may not be raised as a defense in a forcible entry and detainer proceeding when the tenant is holding over his term. Siegler v. Batdorff, 63 Ohio App.2d at 83. Furthermore, nothing in R.C. 5321.02 * * * precludes the nonrenewal of a lease upon the expiration of a term of tenancy. Kaleda v. The Whitehurst Co. (Aug. 25, 2000), Lucas App. No. L-00-1048, unreported.
Here, on February 28, 2000, Sanders' lease naturally expired pursuant to the terms set forth in the agreement. Thus, at the time that Indian Hills commenced this action, Sanders was a hold-over tenant. Therefore, the trial court did not err in granting summary judgment in favor of Indian Hills. Accordingly, we affirm.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and ANN DYKE, J., CONCUR