[Cite as *Deutsche Bank Natl. Trust Co. v. Lovette*, 2018-Ohio-4776.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106546**

**DEUTSCHE BANK NATIONAL TRUST COMPANY**

PLAINTIFF-APPELLEE

vs.

**SHIRLEY LOVETTE, ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Lyndhurst Municipal Court
Case No. 17 CVG 02253

**BEFORE:** Laster Mays, J., Stewart, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 29, 2018

-i-

**ATTORNEY FOR APPELLANTS**

Jazmine R. Greer
4208 Prospect Avenue
Cleveland, Ohio 44103


**ATTORNEY FOR APPELLEE**

Brooke D. Turner-Bautista
3401 Tuttle Road, Suite 200
Cleveland, Ohio 44122


ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Shirley Lovette ("Lovette") appeals the judgment of the Lyndhurst Municipal Court in a forcible entry and detainer action that granted a writ of restitution in favor of plaintiff-appellee Deutsche Bank National Trust Company ("Deutsche Bank"), as Trustee of the Indymac INDX Mortgage Loan Trust 2006-AR41, Mortgage Pass-Through Certificates, Series 2006-AR41. We affirm the trial court's judgment.

## I.  Background

{¶2} In 2009, appellee's predecessor-in-interest Indymac filed foreclosure proceedings against Dameka McBride ("McBride"). *Indymac Fed. Bank, FSB v. McBride*, Cuyahoga C.P. CV-09-683693, filed June 7, 2009.

{¶3}  In July 2015, while the foreclosure was pending, McBride entered into a written lease agreement ("Lease") with Lovette and her adult son, Larry Forbes ("Forbes"). On December 16, 2015, Deutsche Bank acquired title by sheriff's deed. Lovette and Forbes were

allowed to remain in the property until the Lease expired on June 25, 2017. A July 28, 2017 forcible entry and detainer action filed by Deutsche Bank was dismissed by the trial court on September 5, 2017, allegedly because Deutsche Bank had received current rent payments during the period.

{¶4} On September 18, 2017, Deutsche Bank served Lovette and Forbes with a notice directing that they leave the premises. In bold language, the notice said that "compliance with this notice within 30 days after service will prevent any legal actions being taken by the undersigned to obtain possession." Below that language is the phrase "Reason for Eviction: No Rental Agreement/ORC 5321.17," followed by the following statutory three-day notice to leave the premises clause:

> YOU ARE BEING ASKED TO LEAVE THE PREMISES. IF YOU DO NOT LEAVE, AN EVICTION ACTION MAY BE INITIATED AGAINST YOU. IF YOU ARE IN DOUBT REGARDING YOUR LEGAL RIGHTS AND OBLIGATIONS AS A TENANT, IT IS RECOMMENDED THAT YOU SEEK LEGAL ASSISTANCE.

The notice also contains a section regarding rights under the "Service Members Civil Relief Act" that are applicable to "active member[s] of the United States Armed Forces."

{¶5} Lovette does not dispute receipt of the notice or that the Lease expired. On October 20, 2017, a complaint for forcible entry and detainer, also citing R.C. 5321.17, was filed on the grounds that Deutsche Bank owned the property, the Lease expired on June 25, 2017, no new rental agreement was entered into, and no rental payments were accepted. Deutsche Bank asserted that appellants were holdover tenants who lacked color of title.

{¶6} The answer filed by Lovette on November 9, 2017, included defenses that (1) the court lacked personal jurisdiction; (2) Deutsche Bank failed to serve the requisite three-day

notice pursuant to R.C. 1923.04(A); and (3) that the 30-day notice is deficient and untimely served pursuant to R.C. 5321.17(B).

{¶7} Also on November 9, 2017, a motion to dismiss was filed by Lovette and Forbes based on noncompliance with R.C. 1923.04(A) and 5321.17(B). The motion elaborates on the holdover tenancy and improper notice arguments, and the cover page of the Lease is attached to the motion.[1] Lovette and Forbes offered that the rent was due on the eighth of the month so the thirty-day period pursuant to R.C. 5321.17(B) began to run on October 8, 2017, and ended on November 7, 2017, rendering the filing of the action on October 20, 2017 premature.

{¶8} Secondly, the motion offers that the three-day notice was defective because it could not be served in combination with the 30-day notice based on the plain language of the statute. There is no case law cited in support of the arguments.

{¶9} The trial court denied Lovette and Forbes's counsel's motion to continue because the motion was filed less than 24 hours prior to the scheduled hearing time in violation of the rules of court. Forbes attempted to introduce new evidence at the hearing. He first argued that he and Lovette entered into a purchase agreement to buy the house from McBride. Forbes next offered that they entered into a purchase agreement with Indymac Bank in October 2015 on its online property auction site and that they only seek a refund of their purchase agreement deposit.

{¶10} The trial court explained that the issue before the court was who had the right to possession of the property where Deutsche Bank was the property owner pursuant to the sheriff's deed and Lovette and Forbes did not have an agreement with Deutsche Bank to possess the property. On November 16, 2017, Lovette and Forbes moved to dismiss the case. The motion was denied and a writ of restitution was ordered.

**{¶11}** On December 1, 2017, this court granted Lovette's motion for a stay of execution on the condition that the rent be placed in escrow. Attached to the motion are documents that were not before the trial court, including a copy of the July 2015 lease in its entirety and a partially executed purchase agreement ostensibly for the property listing third parties who are not parties in this case.

**{¶12}** Lovette's notice of appeal challenges the "November 16, 2017 judgment entry overruling defendant's motion to dismiss." On January 4, 2018, this court denied Deutsche Bank's motion to dismiss for lack of a final appealable order, finding that an appeal from the final judgment included all interlocutory orders pursuant to *EMC Mtge. Corp. v. Jenkins*, 164 Ohio App.3d 240, 2005-Ohio-5799, 841 N.E.2d 855, ¶ 6 (10th Dist.).

## II. Assignments of Error and Discussion

### A. Standard of Review

**{¶13}** We are guided by a presumption that the trial court's findings in a bench trial in a civil appeal are correct and apply a manifest weight standard of review. *Adams v. Relmax*, 8th Dist. Cuyahoga No. 106142, 2018-Ohio-1751, ¶ 9, citing *3637 Green Rd. Co. v. Specialized Component Sales Co.*, 2016-Ohio-5324, 69 N.E.3d 1083, ¶ 19 (8th Dist.), citing *Seasons Coal v. Cleveland*, 10 Ohio St.3d 77, 79-80, 461 N.E.2d 1273 (1984). "Questions of law are reviewed de novo, and a finding of error of law is a legitimate ground for reversal." *Id*. "A judgment supported by some competent, credible evidence going to all the material elements of the case will not be reversed as being against the manifest weight of the evidence." *3637 Green Rd. Co.* at ¶ 19, citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

---

[1] The landlord's information on the one page attachment is illegible.

**B.** **Jurisdiction and Color of Title**

{¶14} Lovette's first assigned error asserts:

> The trial court erred by granting judgment where Lovette had color of title, depriving the trial court of jurisdiction and requiring de novo review.

{¶15} Lovette argues that she had a written lease agreement constituting color of title, divesting the trial court of jurisdiction. Alternatively, Lovette argues that the tenancy was month-to-month, requiring a proper 30-day notice and three-day notice by law.

{¶16} Generally, "[a] landlord is required to follow a three-step process before a court will order the tenant to vacate a premises." *Indian Hills Senior Community v. Sanders*, 8th Dist. Cuyahoga No. 78780, 2001 Ohio App. LEXIS 3717, at 5 (Aug. 23, 2001), citing *Siegler v. Batdorff*, 63 Ohio App.2d 76, 408 N.E.2d 1383 (8th Dist.1979), at paragraph three of syllabus. "The landlord must provide (1) a notice of termination of tenancy; (2) a notice to vacate the premises; and then the landlord must file (3) a complaint in forcible entry and detainer." *Id*. at *id*.

{¶17} R.C. Chapter 1923 governs forcible entry and detainer actions. R.C. 1923.01 provides a statutory remedy for rapid recovery of possession of the property in issue. *CS/RW Westlake Indoor Storage, L.L.C. v. Kesi, L.L.C.*, 8th Dist. Cuyahoga No. 102535, 2015-Ohio-4584, ¶ 13, citing *Admr. of Veteran Affairs v. Jackson*, 41 Ohio App.3d 274, 277, 535 N.E.2d 369 (9th Dist.1987), citing *Carroll v. O'Conner*, 25 Ohio St. 617, 1874 Ohio LEXIS 239 (Dec. 1874).

{¶18} R.C. 1923.01(A) states:

> As provided in this chapter, any judge of a county or municipal court or a court of common pleas, within the judge's proper area of jurisdiction, may inquire about persons who make unlawful and forcible entry into lands or tenements and detain them, and about persons who make a lawful and peaceable entry into lands or tenements and hold them unlawfully and by force. If, upon the inquiry, it is found that an unlawful and forcible entry has been made and the lands or tenements are

detained, or that, after a lawful entry, lands or tenements are held unlawfully and by force, a judge shall cause the plaintiff in an action under this chapter to have restitution of the lands or tenements.

**{¶19}** According to R.C. 1923.02(A)(5), a defendant who occupies property "without color of title" is subject to a forcible entry and detainer action "where the complainant has the right of possession" to the property. Though the term "color of title" is not statutorily defined, "[it] is well accepted that color of title involves a written conveyance." *CS/RW Westlake Indoor Storage, L.L.C.* at ¶ 24, citing *Bishop v. Rice*, 2d Dist. Montgomery No. 21247, 2006-Ohio-1131, ¶ 12, and *Delli-Gatti v. Kokolari*, 9th Dist. Summit No. 23469, 2007-Ohio-6048, ¶ 4.

**{¶20}** Lovette admits that Deutsche Bank honored the Lease between Lovette, Forbes, and McBride, that the Lease expired on June 27, 2017, prior to the filing of the FED action and that Lovette only offered a cover page of the purported lease with a motion to dismiss.[2] Without a written document demonstrating color of title, Lovette was not a "tenant" defined as a "person entitled under a rental agreement to the use and occupancy of residential premises to the exclusion of others." R.C. 5321.01(A), *Victoria Mtge. Corp. v. Williams*, 8th Dist. Cuyahoga No. 68012, 1996 Ohio App. LEXIS 1683, 10-11 (Apr. 25, 1996), *Robinson v. Mtge.*, N.D.Ohio No. 1:12 CV 152, 2012 U.S. Dist. LEXIS 49676, 17 (Apr. 9, 2012).

**{¶21}** Deutsche Bank argues that despite its references to R.C. 5321.17(B) before the trial court, it was not required to provide a 30-day notice of termination because no periodic tenancy existed upon expiration of the lease. We agree.

**{¶22}** Lovette counters that she and Forbes were holdover tenants pursuant to R.C. 5321.17(B) thus requiring that a 30-day notice to terminate the tenancy be provided by Deutsche Bank in this case, followed by a three-day notice to vacate under R.C. 1923.04.

**{¶23}** We recently reiterated:

A tenant who holds over, or remains in possession of leased property, after the term of his lease expires is a tenant at sufferance. *Capella III L.L.C. v. Wilcox*, 190 Ohio App.3d 133, 2010-Ohio-4746, 940 N.E.2d 1026, ¶ 18 (10th Dist.), citing *Anderson v. Brewster*, 44 Ohio St. 576, 580, 9 N.E. 683 (1886), and *Craig Wrecking Co. v. S. G. Loewendick & Sons, Inc.*, 38 Ohio App.3d 79, 81, 526 N.E.2d 321 (10th Dist.1987). A landlord's subsequent acceptance of rent from the tenant implies an election to treat the tenant as a holdover. *Craig Wrecking Co.* at 81, citing *Baltimore & O. R. Co. v. West*, 57 Ohio St. 161, 165, 49 N.E. 344 (1897).

*Adams v. Relmax*, 8th Dist. Cuyahoga No. 106142, 2018-Ohio-1751, ¶ 10.

**{¶24}** Lovette concedes that, at the time the notice was issued, the lease had expired and no subsequent payments of rent were made. Thus, no periodic tenancy was created. *Id*. R.C. 5321.03(A)(4) expressly provides that a "landlord may bring an action under Chapter 1923" "for possession if" "[a] tenant is holding over the tenant's term." *Id*.

**{¶25}** Any right to possession that Lovette and Forbes may have had was subordinate to the mortgage and was extinguished by the judicial sale, and Deutsche Bank's agreement to allow the Lease to expire does not overcome that. *Victoria Mtge. Corp.,* 8th Dist. Cuyahoga No. 68012, 1996 Ohio App. LEXIS 1683, at 8 (Apr. 25, 1996), citing *Hembree v. Mid-America Fed. S. & L. Assn.*, 64 Ohio App.3d 144, 580 N.E.2d 1103 (2d Dist.1989), citing *New York Life Ins. Co. v. Simplex Prods. Corp.,* 135 Ohio St. 501, 21 N.E.2d 585 (1939).[3]

**{¶26}** We also reject Lovette's argument that the service of Deutsche Bank's three-day notice several weeks prior to filing the complaint was invalid.

Except as provided in division (B) or (C) of this section, a party desiring to commence an action under this chapter shall notify the adverse party to leave the

---

[2] The Lease is not before this court.

[3] The foreclosure commenced in 2009, and as disclosed during oral argument, Lovette was involved in that action including proffering multiple unconsummated bids for the property.

premises, for the possession of which the action is about to be brought, *three or more days before beginning the action,* by certified mail, return receipt requested, or by handing a written copy of the notice to the defendant in person, or by leaving it at the defendant's usual place of abode or at the premises from which the defendant is sought to be evicted.

(Emphasis added.)   R.C. 1923.04(A).

{¶27} Proper service of a notice to leave the premises is a prerequisite to jurisdiction of the trial court in a forcible entry and detainer action.   R.C. 1923.04(A); *Urban Partnership Bank v. Mosezit Academy, Inc.*, 8th Dist. Cuyahoga No. 100712, 2014-Ohio-3721, ¶ 13.   While the notice does not technically expire, a landlord or lessor may waive the effective date of the notice by accepting future rent.   *Id.* at ¶ 14;   citing   *Sholiton Indus. v. Royal Arms, Ltd.*, 2d Dist. Montgomery No. 17480, 1999 Ohio App. LEXIS 2531, 17 (June 4, 1999); *Associated Estates Corp. v. Bartell*, 24 Ohio App.3d 6, 492 N.E.2d 841 (8th Dist. 1985); and *King v. Dolton*, 9th Dist. Wayne No. 02CA0041, 2003-Ohio-2423, ¶ 11.

{¶28}   There is no evidence that Deutsche Bank accepted payments of future rent constituting waiving.   Lovette does not deny receipt of the notice. The notice contained the requisite statutory language and was served "three or more days" prior to the filing of the FED action.   R.C. 1923.04(A).   Since no tenancy existed, separate notices were not required.

{¶29} The first assignment of error is overruled.

C.     **Manifest Weight and Abuse of Discretion**

{¶30} We find that the record is devoid of evidence supporting Lovette's argument. There is no support for Lovette's claim of colorable title or possessory interest.   Lovette failed to mention the existence of the purported purchase agreement until the FED hearing and there is no evidence that an agreement existed between Lovette and Deutsche Bank.   "A judgment supported by some competent, credible evidence going to all the material elements of the case

will not be reversed as being against the manifest weight of the evidence." *3637 Green Rd. Co.* 2016-Ohio-5324, 69 N.E.3d 1083, at ¶ 19, citing *C.E. Morris Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 at syllabus.

**{¶31}** The trial court was in the best position to observe the credibility of the witnesses, and we presume that the trial court considered only competent, reliable evidence. *Sonis v. Rasner*, 2015-Ohio-3028, 39 N.E.3d 871, ¶ 70 (8th Dist.), citing *State v. Cornish*, 12th Dist. Butler No. CA2014-02-054, 2014-Ohio-4279, ¶ 30, citing *Lopez v. Thomas*, 9th Dist. Summit No. 27115, 2014-Ohio-2513, ¶ 25, and *State v. Pleban*, 9th Dist. Lorain No. 10CA009789, 2011-Ohio-3254, ¶ 45.

**{¶32}** The second assignment of error is overruled.

## III.    Conclusion

**{¶33}** The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Lyndhurst Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MELODY J. STEWART, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR