**HARRIS, Plaintiff-Appellant, v. WOODS, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4233.   Decided February 2, 1949.

Howard Gillard, Columbus, for plaintiff-appellant.
Henry A. Reinhard, Columbus, for defendant-appellee.

**OPINION**

By MILLER, J.

This is a law appeal from the Court of Common Pleas of Franklin County, Ohio. The action was one for damages for trespass and the alleged removal by the defendant of the plaintiff's property from a furnished room occupied by the plaintiff, the defendant being the landlord. At the close of all of the evidence the defendant moved for an instructed verdict, which motion was sustained. This ruling of the Court is the basis of all of the assigned errors.

The record discloses that the defendant obtained a judgment in the Municipal Court of Columbus, Ohio, in a forcible entry and detention action for the possession of the property; that on September 2, 1947, an alias writ of restitution was issued and that on the same day the plaintiff's property was moved out of the room into a public hallway in the building; that some of this property disappeared to the plaintiff's damage in the sum of $100.00.

The determinative question raised during the course of the trial was, who made the eviction; was it made by this defendant or was it made by the bailiff of the Municipal Court under the alias order of restitution? The record discloses that there was no return made on this alias writ by the bailiff. The plaintiff testified that the defendant told him "I put your stuff in the hall". This was all of the evidence offered by the plaintiff connecting the defendant with the eviction. The plaintiff was not present at the time and his wife, who was present, was not called as a witness.

The record discloses further that when the defendant was called as a witness in his own behalf, he testified that two bailiffs from the Municipal Court came to make the eviction, one of whom was a Mr. Davis. They requested from him help to carry the things out, and other help not being available he himself helped them. This evidence was not contra to what the defendant testified on direct examination when he told them "I carried the stuff out", but adds to it by explaining under what authority he acted. The statement is silent as to the manner or means by which entry was gained into the premises, although it might carry an inference of an unlawful entry. This inference, however, was overcome when the defendant testified that he acted under the instructions of the bailiff. With this uncontroverted explanation we are of the opinion that the plaintiff failed to offer any evidence on one of the material allegations of the petition, and the motion for an instructed verdict was properly sustained.

We find no error in the record and the judgment is affirmed.

WISEMAN, PJ, and HORNBECK, J, concur.