THE STATE, EX REL. JENKINS ET AL., *v.* COUNTY COURT OF HAMILTON COUNTY, AREA No. 8, MITTENDORF, JUDGE.

232

*Mr. Marvin Kleinman*, for relators.

MATTHEWS, P. J.  This is an action in prohibition, originating in this court, to restrain the respondent, as a county judge in area number eight of Hamilton County, from proceeding to hear and adjudicate the case in forcible entry and detainer instituted by Wallace Peoples and Elease Peoples against the relator in said court.

At the hearing of this action, the only evidence introduced by the relators was a land contract between the relators and Wallace Peoples and Elease Peoples and a notice to the relators signed by Wallace Peoples to vacate the premises.

In the land contract, dated January 30, 1959, Wallace Peoples and Elease Peoples agreed to convey the described premises to the relators for $6,500, payable at the rate of $60 in monthly instalments until a total sum of $1,500 had been paid, and then by the execution and delivery of a note and mortgage for $5,000, payable to the Lockland Building & Loan Association.

The relators are now in default in the payment of monthly instalments.

In the land contract is the following provision:

"It is mutually agreed by and between the parties hereto that if any one of the said installments payable by the vendee or the interest accrued thereon, shall not be paid when due or within five days after falling due, or said vendee shall fail to pay any of said taxes and assessments when the same are due and payable, or shall fail to execute the aforementioned note or mortgage to the Lockland Building and Loan, or shall fail to insure said buildings or to keep the same insured, then all of said installments remaining unpaid shall at once become due and payable at the election of the vendor.

"In such event, said vendee agrees to yield up to said ven-

dor quiet and peaceful possession of said real estate, and the payments and improvements on said real estate shall be taken and considered as a fair rental for the use and occupancy of said real estate and as liquidated and stipulated damages for the breach of this contract on the part of the vendee and shall not be accounted for by the vendor.

"Upon such termination, this agreement shall be null and void; and all the right, title and interest, claim and demand of the vendee in and to said premises shall cease and determine."

There is also an added provision for forfeiture upon default.

Forcible entry and detainer is a possessory action under the law of Ohio. The action determines the right to immediate possession—and nothing else.

A plaintiff, to be entitled to a judgment, must prove by the greater weight of the evidence that he is so entitled. Of what that evidence shall consist depends on a variety of circumstances. In this case the title of Wallace Peoples and Elease Peoples is based on a land contract with the relators, imposing certain obligations upon them in the performance of which they are in default. Does their default entitle the other parties to the contract to possession of the premises?

From a consideration of the authorities on the subject we have reached the conclusion that it depends upon the terms of the land contract, and whether the default terminates all interest in the property of the possessor. If, by the express provisions of the land contract, the right to possession is terminated, then he cannot defend successfully an action of forcible entry and detainer against him. The title to the property is not involved. By the express terms of the contract, he was given possession in the first place, and by reason of his default, his right to possession was terminated. Any issue of title is irrelevant and any judgment rendered would not be *res judicata* to such an action testing the title.

The cases on this subject are numerous, and their general tenor has been summarized in 24 Ohio Jurisprudence (2d). We quote from page 460, Section 6, on the specific point presented in this case. "In accordance with these principles, it has been held that the title to the real estate was not drawn into question so as to oust the jurisdiction of the court in forcible entry and

detainer actions involving the following: an action by a vendor of realty against the purchaser, or an action by a lessor against the lessee, where the land contract or lease expressly provides for a forfeiture, since in such case the right of possession stems from the contract rather than title to the premises; * * *'' And, at page 465, Section 9, it is stated: ''The situation is different where the land contract contains an express provision for its forfeiture and the repossession of the realty by the vendor upon the purchaser's default. The rule followed in Ohio is that the vendor may bring an action of forcible entry and detainer in such a case where, at the time of the bringing of the action, the contract has been forfeited, for example, for the nonpayment of an instalment of the purchase money.''

For these reasons, the prayer for a perpetual writ of prohibition is denied and the petition is dismissed.

*Writ denied.*

Long and O'Connell, JJ., concur.