JANSEN *v.* BARCLAY SQUARE ET AL.

[Cite as Jansen v. Barclay Square (1973), 34 Ohio Misc. 14.]

(No. 342432—Decided January 26, 1973.)

Franklin County Municipal Court.

*Mr. Webster S. Lyman* and *Mr. David S. Cupps*, for plaintiff.

*Mr. William F. Newman*, for defendants.

WEST, J. This action is for damages resulting when defendants allegedly illegally caused plaintiff's apartment to be broken into and his personal property removed. Defendants have filed an answer and a counterclaim for rent and damages.

The matter is before the court on defendants' motion for summary judgment dismissing the complaint. Defendants submit an affidavit that plaintiff's property was set out by the bailiff of this court executing a writ of restitution issued in Case No. 333,877. Plaintiff submits an affidavit in which he claims he never received an eviction notice, "subpoena" or other documents from Franklin County Municipal Court and at the hearing on the motion submitted proof he was in fact in jail at the time of the alleged service of summons in case No. 333,877. No claim is made that defendants knew he was in jail at the time.

The court finds Real Estate Services, Inc., agent for Barclay Square, filed in this court on February 18, 1972, a complaint in forcible entry and detention against Henk Jansen being Case No. 333,877. Service of summons by certified mail was attempted and this was returned unclaimed with the notation on the envelope "NRLN 2-24-72." On March 9, 1972, Judge Fais of this court made the following order on the half-sheet of Case No. 333,877: "Reassign for 3-15-72, 9:00 a. m. Service to be made by regular mail." Summons was issued with notice of trial March 15, 1972, at 9:00 a. m. on the forcible entry and detainer action and a certificate of mailing March 10, 1972, was filed. The ordinary mail envelope has not been returned by the postal authorities.

On March 15, 1972, the following order was issued by Judge Shull in case No. 333,877: "Case called, plaintiff and defendant in court, defendant in default for appearance.

Trial had. Judgment is rendered for plaintiff for possession of the premises described, and for costs." A writ of restitution was issued the same date. The judgment and order pursuant to it stand and no relief has been requested under provisions of Civ. R. 60.

Plaintiff in the present case asserts in his reply and answer to the counterclaim that "he was illegally and fraudulently evicted from the premises owned and managed by the defendants." For the purpose of responding to defendants' motion for summary judgment, plaintiff relies on his affidavit and argument that he received no eviction notice and no summons in the eviction action. The court finds his allegations concerning nonreceipt of notice to be made in good faith, and it appears that in good faith he could add nothing more.

R. C. 1923.04 reads: "A party desiring to commence an action under R. C. 1923.01 to 1923.14, inclusive, must notify the adverse party to leave the premises, for the possession of which action is about to be brought, three or more days before beginning the action, by handing a written copy of the notice to the defendant in person, or by leaving it at his usual place of abode or at the premises from which the defendant is sought to be evicted."

R. C. 1923.06 reads: "The summons in an action under sections 1923.01 to 1923.14, inclusive, of the Revised Code, shall be issued and directed, state the cause of complaint, the time and place of trial, and be served and returned as in other cases. Such service must be three days before the day set for trial."

We find that this court had jurisdiction in the eviction action; that Judge Shull's entry in case No. 333,877, March 15, 1972, finding plaintiff and defendant in court was based on the showing of the record that service of summons under Civ. R. 4.6(D) had been made properly. Judge Shull must also have found the eviction notice had been served as required by law and in fact there is in the court's file a carbon copy of a "Notice To Leave Premises" addressed to Henk Jansen in proper form with the notation it was served on him "by leaving a written copy thereof at the place of his abode."

"One is privileged to commit acts which would otherwise be a trespass to a chattel or a conversion when he acts pursuant to a court order which is valid or fair on its face." Restatement 2d, Torts, Section 266.

The Franklin County Court of Appeals has held: "In an action by a tenant against a landlord for damages for trespass and the alleged removal by the defendant of plaintiff's property from the furnished room occupied by plaintiff, the direction of a verdict for the defendant at the close of all of the evidence was proper where defendant, acting under the instructions of the bailiff from the municipal court who was enforcing an alias writ of restitution issued in pursuance of a forcible entry and detention judgment obtained by defendant, helped to move plaintiff's property out of the room into a public hallway." *Harris* v. *Woods* (1949), 55 Ohio Law Abs. 154.

Where an eviction notice required by R. C. 1923.04 is served upon a defendant by leaving it at his usual place of abode, and where service of summons in the forcible entry and detention action is served three days or more before the date set for trial as required by R. C. 1923.06; and such service of summons is by ordinary mail after certified mail service is unclaimed as provided in Civ. R. 4.6(D); and upon trial of the cause judgment is rendered by default for possession of the premises and a writ of restitution issues to the bailiff under which the defendant is set out, the fact the defendant never received the notice or summons does not give him a cause of action for trespass.

Finding there is no genuine issue concerning the facts with respect to the complaint and that defendants are entitled to judgment as a matter of law, the complaint is hereby dismissed and trial shall be had only on the counterclaim.

*Judgment accordingly.*