OPINION
Appellants, Larry and Christina Baldwin, appeal from a Crawford County Municipal Court decision in a forcible entry and detainer action granting Appellee, RLJ Management Co., Inc. ("RLJ"), restitution of the premises located at 585 Galion Arms Court, Apartment 4E.
Appellants assert in several assignment of error that a reversal of the trial court's decision is warranted; however, during the interim between the trial court proceedings and the appellate proceedings before this court, Appellants voluntarily vacated the apartment leased from RLJ. Because forcible entry and detainer actions only determine the right to immediate possession of the property, Appellants' appeal has been rendered moot. As such, we may not reach the merits of Appellants' claims and, therefore, must dismiss the appeal.
The facts leading to this appeal are as follows. RLJ operates Galion Arms Apartments, a federally subsidized apartment complex for low-income individuals. Appellants had resided at Galion Arms since 1992, with an annually renewable lease. To renew the lease, Appellants were required to recertify their income in order to determine the amount of subsidy the federal government would provide. Furthermore, as federally subsidized tenants, Appellants were required to report any additional income acquired throughout the lease term, which was unknown at the time of recertification.
In December 1998, RLJ found that Appellants had failed to report income from Aid to Families with Dependant Children ("AFDC") benefits, which violated their lease with RLJ. Once confronted with the omission, Appellants signed a payment agreement with RLJ, which allowed them to pay back the money they owed as a result of their failure to disclose income. Testimony at trial indicated that Appellants were aware that a second omission of income would result in termination of their lease.
Subsequently, in November 2000, during Appellants' recertification process for their yearly lease renewal, RLJ discovered that Appellants again failed to disclose AFDC benefits on their income statement. In response, RLJ delivered a thirty-day tenancy termination notice to Appellants, which stated that the reasons for termination were the December 1998 and November 2000 lease infractions and explained that Appellants had ten days to schedule a meeting with RLJ to discuss the proposed termination.
Appellants did schedule a meeting with RLJ and were informed that because this was their second attempt to conceal income they would not be afforded an opportunity to pay back the money as they did for the 1998 violation; instead, they would be forced to vacate the premises. When Appellants refused to vacate the premises after a subsequent three-day termination notice, RLJ filed a Complaint in Forcible Entry and Detention asserting that Appellants were unlawfully holding over their tenancy.
A hearing was held on June 5, 2001, and Appellants simultaneously filed a Motion to Dismiss for lack of jurisdiction and failure to state a claim for which relief could be granted. During the course of the proceeding and in a written judgment entry, the trial court overruled Appellants' Motion to Dismiss. Furthermore, the trial court granted RLJ restitution of the premises, ordering Appellants to vacate on or before June 9, 2001.
Following this judgment, Appellants filed a Motion for a Stay of Proceedings to Enforce a Judgment and for a Use and Occupancy Bond, which was granted. Additionally, Appellants filed this appeal and asserted four assignments of error for our review. However, during the oral arguments before this court, Appellants informed this court that they have since voluntarily vacated the premises and moved from Galion Arms Apartments. Therefore, we must first determine whether their claims have been rendered moot before a determination of the merits may be reached.
Mootness has been described as a "doctrine of standing in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)."[1] Consequently, a case is moot where a judgment is sought on a matter that when rendered does not have any practical effect upon the issues raised by the pleadings.[2] With these concepts in mind, we now turn to their application to the case herein.
The Ohio Supreme Court has stated that actions in forcible entry and detainer determine the right to immediate possession of the property "andnothing else."[3] Therefore, once a landlord's possession of the property has been restored, there is no further relief that may be granted.[4] As such, a tenant's voluntary vacation of the premises renders a forcible entry and detainer action moot.[5] Accordingly, because this court is without power to effectuate any meaningful relief, we may not reach the merits of Appellants' claims; therefore, we dismiss the appeal.
Appeal dismissed.
SHAW and HADLEY, JJ., concur.
[1] United States Parole Comm. v. Geraghty (1980), 445 U.S. 388, 397, quoting Monaghan, Constitutional Adjudication: The Who and When (1973), 82 Yale L.J. 1363, 1384.
[2] Crossings Dev. Ltd. Partnership v. H.O.T., Inc. (1994),96 Ohio App.3d 475, 479.
[3] Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc. (1981),67 Ohio St.2d 19, 25, fn. 11 (emphasis added), citing State ex rel.Jenkins v. Hamilton County Court (1961), 114 Ohio App. 231, 233. See, also, United States Secy. of Hous. Urban Dev. v. Chancellor (Feb. 25, 1999), Cuyahoga App. No. 73970, unreported.
[4] Chancellor, supra.
[5] Id.; Crossings Dev. Ltd. Partnership, 96 Ohio App.3d at 479; Reckv. Whalen (1996), 114 Ohio App.3d 16, 19; Haney v. Roberts (1998),130 Ohio App.3d 293, 296; Alexbell Oxford Ltd. Partnership v. Woods (June 5, 1998), Montgomery App. No. 16038, unreported; Blosser v. Bowman (May 1, 2001), Franklin App. No. 00AP-1140, unreported.