[Cite as *Machshonba v. Cleveland Metro. Hous. Auth.*, 2011-Ohio-6760.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96811**

## USIRI MACHSHONBA

PLAINTIFF-APPELLEE

vs.

## CLEVELAND METROPOLITAN HOUSING AUTHORITY

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED

Civil Appeal from the
Cleveland Municipal Court
Case No. 2011 CVI 001278

**BEFORE:** S. Gallagher, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** December 29, 2011

**ATTORNEY FOR APPELLANT**

Bronius K. Taoras
C.M.H.A. Legal Department
8120 Kinsman Road
Cleveland, OH   44104

**ATTORNEY FOR APPELLEE**

Michael Drain
147 Bell Street
Suite 202
Chagrin Falls, OH   44022

**Also listed:**

Usiri Machshonba, pro se
16622 Dynes Court
Cleveland, OH   44128

SEAN C. GALLAGHER, J.:

{¶ 1}   Defendant-appellant Cuyahoga Metropolitan Housing Authority ("CMHA") appeals the judgment of the Cleveland Municipal Court, Small Claims Division, that found in favor of plaintiff-appellee Usiri Machshonba in his wrongful eviction action. For the reasons stated herein, we reverse the decision of the trial court.

{¶ 2}   On January 20, 2011, Machshonba filed a small-claims complaint for money against CMHA.   He alleged that he was wrongfully evicted by CMHA and that his personal belongings were discarded.   He sought judgment in the amount of $3,000.

**{¶ 3}** The matter was set for a hearing before a court magistrate. In pertinent part, the record reflects the following facts:

**{¶ 4}** Machshonba was a tenant at the Bohn Tower senior living center, which is owned and operated by CMHA. He resided at the Bohn Tower apartment building. Following an altercation with a visitor at his apartment on March 15, 2010, Machshonba was arrested and taken to jail. He wrote CMHA and informed them that he was giving his sister a power of attorney to take possession of his personal property in the unit. CMHA was provided with the power of attorney on April 30, 2010. When Machshonba's sister went to the apartment building, the manager informed her that she would need to wait 30 days to make sure the power of attorney was valid. When the sister returned on or about June 7, 2010, she gave CMHA permission "to trash all items left behind at Bohn Towers." CMHA did not "trash" the items at that time.

**{¶ 5}** CMHA proceeded to commence eviction procedures against Machshonba, who had failed to pay his rent. The property manager placed a three-day notice to vacate under the door of Machshonba's apartment. On June 15, 2010, CMHA filed a forcible entry and detainer action in the Cleveland Municipal Court, Housing Division. The complaint was served by certified mail and ordinary first-class mail to the apartment address. The certified mail was returned unclaimed. The ordinary mail was not returned by the date of the hearing. After obtaining judgment on its first cause and filing a writ of restitution, CMHA set Machshonba's personal belongings out on the loading dock for trash pickup.

**{¶ 6}** Machshonba then commenced this small claims action. He claims he was wrongfully evicted and his belongings were discarded. His alleged belongings include "furniture, clothing, jewlery [sic], paintings, kitchen aids, photos, bedding, toletiries [sic], camera, coins, raer [sic] books, manuscripts and art supplies." The trial court recognized that Machshonba had painted numerous paintings, which had previously been on display, and that he assessed the value of his personal belongings to be in excess of $3,000.

**{¶ 7}** The court magistrate found in pertinent part as follows:

"[CMHA] breached the parties' contract by illegally evicting [Machshonba] without proper notice or service of process. By her own admission, the Defendant property manager was aware that [Machshonba] was housed in the Justice Center, as she stated that everyone knew that he was in jail as he was arrested in front of the apartment complex. [CMHA] did not inform or shared [sic] with the court * * * that [Machshonba] was housed in the Justice Center. The eviction was secured partly due to fraud; as the manager knew [Machshonba] could not be served at the apartment complex; as he was incarcerated in the Justice Center. There was no way for [Machshonba] to receive notice of the eviction process as it was not delivered to him at the jail, nor was a copy forwarded to him in jail, nor was a copy provided to his sister, as his power of attorney. [CMHA] did not come to court with 'clean hands.' The eviction was based upon improper service of process as [Machshonba] never received service.

"* * *

"The manner in which [CMHA] served [Machshonba] was unreasonable. [CMHA] knew that Plaintiff was incarcerated and would be unable to receive any notice at his residence. [CMHA] did not attempt to serve [Machshonba] in jail and also did not attempt to serve [his] sister who had Power of Attorney. As such, [CMHA] failed to perfect service on [him] in a reasonable manner."

**{¶ 8}** The magistrate concluded that a wrongful eviction had occurred and awarded Machshonba $3,000.

{¶ 9} The magistrate's decision was approved by the trial judge; CMHA's objections were overruled; and judgment was entered in favor of Machshonba. CMHA timely filed this appeal, raising two assignments of error for our review.

{¶ 10} CMHA's first assignment of error provides as follows: "The trial court erred when it found CMHA liable for wrongful eviction in contradiction to the decision of a forcible entry and detainer action that the wrongful eviction was based on."

{¶ 11} Initially, CMHA argues that Machshonba is attempting to relitigate his eviction through this case and that the action is barred by res judicata. We find no merit to this argument.

{¶ 12} Under Ohio law, "[a] forcible entry and detainer action is intended to serve as an expedited mechanism by which an aggrieved landlord may recover possession of real property." *Miele v. Ribovich*, 90 Ohio St.3d 439, 441, 2000-Ohio-193, 739 N.E.2d 333, citing *Cuyahoga Metro. Hous. Auth. v. Jackson* (1981), 67 Ohio St.2d 129, 131, 423 N.E.2d 177. Such an action "determines the right to immediate possession of the property and nothing else." *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.* (1981), 67 Ohio St.2d 19, 25, 423 N.E.2d 1070, fn. 11, citing *State ex rel. Jenkins v. Cty. Court* (1961), 114 Ohio App. 231, 233, 173 N.E.2d 186. Pursuant to R.C. 1923.03, which governs forcible entry and detainer actions, "[j]udgments under this chapter are not a bar to a later action brought by either party."

{¶ 13} Accordingly, a forcible entry and detainer action does not bar a tenant from bringing a wrongful eviction claim or challenging whether the proper procedures were

followed. Moreover, the present action sounds in tort, and is founded upon an alleged wrongful eviction and resultant damages. Therefore, the small claims court had jurisdiction over the matter.

{¶ 14} The forcible entry and detainer action was filed after Machshonba failed to pay his monthly rent. Machshonba does not dispute this fact. Forcible entry and detainer actions are governed by R.C. Chapter 1923. The notice to vacate and the service of process in such actions are governed by R.C. 1923.04 and 1923.06.[1]

{¶ 15} In accordance with R.C. 1923.04, CMHA placed a three-day notice to leave the premises on the door to Machshonba's apartment. Consistent with the procedures set forth under R.C. 1923.06, service of the summons and complaint was sent by both ordinary mail and certified mail to that address.

{¶ 16} R.C. 1923.06(A) provides that the summons in forcible entry and detainer action shall "be served and returned as provided in this section" and that "[s]uch service shall be at least five days before the day set for trial." Pursuant to R.C. 1923.06(C), the clerk of court is to mail the summons and complaint by ordinary mail "to the defendant at the address set forth in the caption of the summons and to any address set forth * * *." In addition, the clerk must make service under one of several methods, which includes via certified mail "to the address set forth in the caption of the summons * * *."

---

[1] "Ordinarily, Civ.R. 4 governs service of process in all civil actions, however, Civ.R. 1(C) specifically exempts forcible entry and detainer actions from their purview." *Dobbins v. Kalson*, Franklin App. No. 07AP-831, 2008-Ohio-395, ¶ 10, citing *Miele*, 90 Ohio St.3d 439; Civ.R. 1(C).

{¶ 17} In this case, the certified mail was returned unclaimed and the ordinary mail was not returned as of the date of the eviction hearing. Pursuant to R.C. 1923.06(G), service was deemed complete on the date of mailing. In accordance with R.C. 1923.07, "If the defendant does not appear in action under this chapter and the summons was properly served, the court shall try the cause as though the defendant were present."

{¶ 18} Our review reflects that CMHA complied with the statutory requirements and attained proper service. The statute requires nothing further, and the trial court erred in suggesting otherwise.

{¶ 19} We also are unpersuaded by Machshonba's reliance on *Greene v. Lindsey* (1982), 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249. In *Greene*, the Court held that service by "merely posting notice on an apartment door does not satisfy minimum standards of due process" where the tenants lived in an area where notices were "not infrequently" removed by children or other tenants. Id. at 453. In the instant case, there is no evidence that tenants in the area have experienced the removal of notices from apartment doors. In addition, CMHA complied with the statutory procedures for mail notice.

{¶ 20} Insofar as the trial court found CMHA committed a fraud upon the court, the record does not support this determination. The trial court found that the property manager was aware Machshonba was in jail because of her statement that everyone knew that he was in jail as he was arrested in front of the apartment complex. Machshonba's arrest occurred in March, and the forcible entry and detainer action was not filed until

June. There was simply no basis to conclude CMHA would have knowledge of Machshonba's incarceration at that time. The trial court abused its discretion in finding a fraud occurred.

{¶ 21} A public housing authority seeking to regain possession of property cannot be held accountable for the ongoing whereabouts of defaulting tenants. With regard to persons who are imprisoned, it has no duty to ascertain when or if a person will get out of jail or be released on bond. When a landlord complies with the requirements of R.C. 1923.04 and 1923.06, judgment for possession of the premises can legally proceed. Further, the fact that Machshonba did not receive the notice or summons does not give him a cause of action in tort. See *Jansen v. Barclay Square* (1973), 34 Ohio Misc. 14, 17, 295 N.E.2d 443. We also note, apart from the eviction proceedings, Machshonba's sister, acting under a power of attorney, authorized CMHA to dispose of Machshonba's property. Accordingly, we sustain CMHA's first assignment of error.

{¶ 22} CMHA's second assignment of error provides as follows: "The trial court erred in not applying the Political Subdivision Tort Liability Act to Plaintiff's claim of wrongful eviction."

{¶ 23} CMHA argues that it is a political subdivision of the state of Ohio and is entitled to sovereign immunity pursuant to R.C. Chapter 2744 as none of the exceptions to immunity apply.[2] Machshonba argues that a public housing authority does not act as a

---

[2] See *Moore v. Lorain Metro. Hous. Auth.*, 121 Ohio St.3d 455, 2009-Ohio-1250, 905 N.E.2d 606, ¶ 20, fn. 5.

sovereign in an eviction action, but as a landord.  Because of our disposition of the first assignment of error, we need not decide this issue herein.   Further, CMHA withdrew this assignment of error at oral argument.   Because we need not determine whether CMHA is entitled to immunity under the circumstances of this case, we overrule the second assignment of error as moot.

Judgment reversed.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR