[Cite as *K&D Mgt., L.L.C. v. Masten*, 2013-Ohio-2905.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98894**

# K&D MANAGEMENT, L.L.C.

PLAINTIFF-APPELLEE

vs.

# DEIRDRE MASTEN

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-771214

**BEFORE:** S. Gallagher, P.J., Keough, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 3, 2013

**ATTORNEY FOR APPELLANT**

Edward G. Kramer
The Fair Housing Law Clinic
The Housing Advocates, Inc.
3214 Prospect Avenue
Cleveland, OH   44115


**ATTORNEYS FOR APPELLEE**

Ami J. Patel
Zashin & Rich Co., L.P.A.
55 Public Square, 4th Floor
Cleveland, OH   44113

Thomas P. Owen
Laurence Powers
Powers, Friedman, Linn, P.L.L.
23240 Chagrin Boulevard
Suite 180
Cleveland, OH   44122

SEAN C. GALLAGHER, P.J.:

**{¶1}** Defendant-appellant Deirdre Masten appeals from the trial court's order granting summary judgment in favor of plaintiff-appellee K&D Management, L.L.C. ("Landlord"). For the following reasons, we reverse.

**{¶2}** Masten became a resident in October 2010 of the Harbor Crest Apartments located in Euclid, Ohio. Landlord manages the property. The parties signed a one-year lease agreement for the term of October 5, 2010 through September 30, 2011. The nonrenewal provision in the lease agreement required a 60-day notice of nonrenewal if either party desired to terminate the lease at the end of the stated term.

**{¶3}** After Masten allegedly learned that Landlord intended to evict another resident because of the resident's disabilities, Masten helped the resident with drafting and filing a charge with the Ohio Civil Rights Commission ("OCRC"). The allegations against Landlord were for violations of the Federal Fair Housing Act, 42 U.S.C. 3617, ("FHA") and Ohio's Fair Housing Act, R.C. 4112.02(H) (collectively, "Acts").

**{¶4}** Masten subsequently filed her own charge with the OCRC in November 2010 based on Landlord's alleged discrimination against her. Landlord approached Masten in February 2011 and requested that she drop the charge. Masten agreed with the stipulation that, in exchange for dropping the charge, Landlord would cease the discriminatory practices.

{¶5} On or around July 11, 2011, Masten learned that she was unsuccessful in her attempt to drop the OCRC charge against Landlord. Landlord issued on July 12, 2011, an 81-day notice of nonrenewal of Masten's lease. According to the notice, Masten was required to vacate the property by September 30, 2011. Masten became a holdover tenant when she did not vacate the property by that date.

{¶6} On October 10, 2011, Landlord served Masten with a three-day notice to vacate the property. Landlord filed four days later a forcible entry and detainer action in Euclid Municipal Court for eviction of Masten. Masten answered the complaint, and filed a counterclaim under the Acts for discriminatory practices, retaliatory behaviors, and retaliatory eviction that followed the OCRC filings by Masten and, with Masten's assistance, the other resident. Masten also requested a change in venue. The municipal court granted the change in venue request, and transferred the case on November 9, 2011, to the Cuyahoga County Court of Common Pleas.

{¶7} Landlord filed a motion for summary judgment on February 27, 2012, relating to Count 1 of its complaint for forcible entry and detainer. In an affidavit included with her brief in opposition to the motion, Masten acknowledged receipt of both the three-day notice to vacate and notice of nonrenewal of the lease.

{¶8} On August 3, 2012, the trial court granted Landlord's motion for summary judgment on Count 1 for forcible entry and detainer, but denied the motion as to Masten's counterclaims. In its ruling, the court stated in part:

> It is well settled that a landlord is required to follow a three-step process before a court will order a tenant to vacate the premises. [Citation

deleted.] The landlord must provide (1) a notice of termination of tenancy; (2) a notice to vacate the premises; and then the landlord must file (3) a Complaint in forcible entry and detainer.   [Citation deleted.]

In this instance, [Landlord] followed the requisite three-step process. * * *

In addition to finding that [Landlord] followed the three-step process, the court must also determine whether [Landlord's] act of not renewing the lease constitutes retaliatory conduct.   O.R.C. § 5321.02 generally prohibits retaliatory conduct by landlords. Notwithstanding section 5321.02, O.R.C. § 5321.03(A)(4) permits a landlord to bring an action for possession of the premises if the tenant is holding over the tenant's term.   On September 30, 2011 Masten's lease expired pursuant to the terms of the lease. [Landlord] sent notice to Masten that it did not plan to renew her lease; thus, Masten was a holdover tenant.

The Eighth District Court of Appeals has held that retaliatory conduct of the landlord may not be raised as a defense in a forcible entry and detainer proceeding when the tenant is holding over his term. *See Siegler* [*v. Batdorff*, 63 Ohio App.2d 76, 408 N.E.2d 1383  (8th Dist. 1979)], and *Indian Hills* [*Senior Community v. Sanders*, 8th Dist. No. 78780, 2001 Ohio App. LEXIS 3717 (August 23, 2001)].
Accordingly,  the  Court  finds  Plaintiff's  motion  for  summary judgment on count one for forcible entry and detainer to be well taken and granted.   Masten shall vacate the premises within 30 days of this entry. On evidence presented to the Court at this stage, Plaintiff's request for summary judgment on count two of Defendant's counterclaim is not well taken and is denied. * * *

**{¶9}** Masten timely appealed and raises four assignments of error for this court's review.   She argues (1) the trial court erred in applying *Indian Hills* to a holdover tenant who alleges a landlord violates the FHA by not renewing a lease; (2) the trial court's decision violates the Supremacy Clause of the United States Constitution; (3) the trial court erred in applying *Indian Hills* to a holdover tenant who alleges a landlord violates the Ohio Fair Housing Act by not renewing a lease; and (4) this court should "reverse"

*Indian Hills* because we wrongly decided the case.  For the following reasons, we sustain Masten's first and third assignments of error.

**{¶10}** Appellate review of a trial court's decision on a motion for summary judgment is de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Zemcik v. LaPine Truck Sales & Equip.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998).   The court applies the following test:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor.

*Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998).

**{¶11}** The party moving for summary judgment bears the initial burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).  If the moving party satisfies that burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Civ.R. 56(E).

**{¶12}** Prior to reviewing the trial court's ruling on Landlord's motion for summary judgment, we must identify the different purposes of R.C. Chapters 1923, 4112, and

5321. The underlying action commenced as one to reclaim property where an owner terminates the leaseholder's right to rent the property. The owner is provided a summary action under R.C. Chapter 1923, forcible entry and detainer, to quickly reclaim the property. R.C. 1923.02 specifically allows an owner to bring a forcible entry and detainer action against a tenant who holds over a term. R.C. 1923.061(A) allows that tenant to assert at trial "[a]ny defense in an action under this chapter."

{¶13} There is, however, a general inability derived from Civ.R. 1(C) for a tenant to assert a defense in a forcible entry and detainer action. The rule refers to the scope and applicability of the civil rules, and states, "to the extent that they would by their nature be clearly inapplicable, [they] shall not apply to procedure * * * in forcible entry and detainer." Civ.R. 1(C). Forcible entry and detainer is, therefore, designed to be a summary action allowing speedy relief. Any delay caused through added processes, including the assertion of defenses, is contrary to the speedy relief intended by R.C. Chapter 1923.

{¶14} Under the Ohio Landlord-Tenant Act, R.C. Chapter 5321, however, a tenant may raise the issue of retaliation as a defense to the landlord's action for possession if the landlord brings or threatens to bring an action against the tenant for possession in retaliation against the tenant's forming a union, complaining to a governmental agency about a violation of a building, housing, health, or safety code, or complaining to the landlord about a breach of the landlord's statutory obligations. R.C. 5321.02(A). R.C. 5321.03(A)(4) states that notwithstanding R.C. 5321.02, a landlord may initiate a forcible

entry and detainer action under R.C. 1923.02 against a tenant holding over his or her term. A holdover tenant may not, therefore, use a landlord's retaliatory action as a defense under these circumstances. *Siegler*, 63 Ohio App.2d 76, 408 N.E.2d 1383; *Indian Hills*, 8th Dist. No. 78780, 2001 Ohio App. LEXIS 3717.

{¶15} Ohio's Fair Housing Act prohibits, on the other hand, certain unlawful discrimination as defined in R.C. 4112.02(H)(1) and (12). R.C. 4112.02(H)(1) provides that it is an unlawful discriminatory practice to refuse to rent, lease, or otherwise deny or make unavailable housing accommodations because of "race, color, religion, sex, military status, familial status, ancestry, disability, or national origin." R.C. 4112.02(H)(12) also provides that it is unlawful to "[c]oerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of that person's having exercised or enjoyed or having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by division (H) of this section."

{¶16} The FHA likewise makes it illegal to discriminate in the rental of a dwelling because of a tenant's disability.[1] 42 U.S.C. 3604(f)(1). It is also illegal to discriminate against anyone in the terms and conditions of a rental because of a tenant's disability. 42 U.S.C. 3604(f)(2). The statute further prohibits a person from making a statement with respect to the rental of a dwelling "that indicates any preference, limitation, or

---

[1]When interpreting R.C. Chapter 4112, Ohio courts have held that it is appropriate to look to analogous federal statutes and case law. *See Wooten v. Columbus, Div. of Water*, 91 Ohio App.3d 326, 334, 632 N.E.2d 605 (10th Dist.1993).

discrimination based on [a disability] or an intention to make any such preference, limitation, or discrimination." 42 U.S.C. 3604(c).

**{¶17}** Unlike the general inability to assert a defense in a forcible entry and detainer action under R.C. Chapter 1923, and the express inability to raise retaliation as a defense under R.C. 5321.03(A)(4), a tenant can assert a counterclaim in an Ohio forcible entry and detainer proceeding that he or she is being evicted for discriminatory reasons.[2] *See Gueye v. Tower*, S.D.Ohio No. 1:09-cv-385, *11, 2011 U.S. Dist. LEXIS 49987 (May 5, 2011), citing *Strader v. Johnson*, 10th Dist. No. 98AP-202, 1998 Ohio App. LEXIS 6246, at *1 (Dec. 22, 1998) (asserting FHA counterclaims in an eviction action).[3] In addition, "[a] direct defense can be inserted in the [forcible entry and detainer] action, such as payment of the rent when non-payment is the reason, or an unlawful discrimination that is specifically applicable, such as race, or national origin where appellant was excluded for that reason." *Olympic Realty v. Zaleski*, 10th Dist. No. 11AP-971, 2013-Ohio-1245, citing *Miele v. Ribovich*, 90 Ohio St.3d 439, 739 N.E.2d 333

---

[2]Federal fair housing law provides that an aggrieved person may commence a civil action in an appropriate United States district court or state court to obtain appropriate relief with respect to such discriminatory housing practice. 42 U.S.C. 3613(a)(1)(A). The failure to seek relief in federal court is, therefore, not fatal to Masten's claims in state court.

[3]*See also Maki v. Laakko*, 88 F.3d 361 (6th Cir.1996) (complaints concerning eviction from a rental property on grounds of disability discrimination are actionable under the FHA); *Forney v. Climbing Higher Ents., Inc.*, 158 Ohio App.3d 338, 345-346, 2004-Ohio-4444, 815 N.E.2d 722 (compulsory counterclaim must be asserted in a forcible entry and detainer case if the landlord seeks rent in addition to the premises).

(2000). *See also Lable & Co. v. Flowers*, 104 Ohio App.3d 227, 661 N.E.2d 782 (9th Dist.1995).

{¶18} Here, the record supports the trial court's conclusion that Landlord followed the requisite three-step process to remove a resident from a particular residence. There is no genuine issue of material fact concerning this process. As argued by Masten, however, the trial court erred in applying *Indian Hills* to a holdover tenant who alleges that a landlord violates the Acts by not renewing a lease.

{¶19} This case is distinguishable from both *Siegler*, 63 Ohio App.2d 76, 408 N.E.2d 1383, and *Indian Hills*, 8th Dist. No. 78780, 2001 Ohio App. LEXIS 3717, and we accordingly overrule Masten's fourth assignment of error that we should overrule *Indian Hills* because we wrongly decided the case. In *Indian Hills* and *Siegler*, the former tenants complained to an appropriate governmental agency of a violation of a building, housing, health, or safety code; complained to the landlord about a violation of R.C. 5321.04; or the tenant joined with other tenants for the purpose of negotiating or dealing collectively with the landlord on any of the terms and conditions of a rental agreement.[4] Masten's counterclaims of retaliation were not premised on R.C. 5321.02. Rather, she claimed that Landlord did not renew her lease because she is a member of a protected category under the Acts, and she also assisted another resident in her OCRC

---

[4] *See also Ruble v. M & L Props., Ltd.*, 5th Dist. No. 10-COA-006, 2010-Ohio-6356 (tenant complained about landlord's failure to address water seepage in basement); *Associated Estates Realty Corp. v. Samsa*, 8th Dist. No. 84297, 2004-Ohio-6635 (tenant complained about landlord's failure to repair and maintain premises in a safe manner).

claim against Landlord. Accordingly, the trial court erred in not allowing Masten to insert a direct defense to the forcible entry and detainer action, an unlawful discrimination that is specifically applicable, such as race, national origin, or handicap, where the tenant is allegedly excluded for that reason.[5]

{¶20} The present case is also distinguishable from *Palomba v. Hayes*, 8th Dist. Nos. 65781 and 66714, 1995 Ohio App. LEXIS 1572 (Apr. 13, 1995). Hayes's essential argument on appeal was that the trial court prevented her from presenting evidence in a forcible entry and detainer action, either through a defense or joined counterclaim, that Palomba chose not to renew her lease based on race. *Id*. at *11. The referee in *Palomba*, however, allowed Hayes to present evidence regarding the alleged discrimination at the first cause hearing, and expressly found the evidence insufficient to support the racial discrimination claim. *Id*. at *13 and *21. The referee then "granted the writ of eviction based on expiration of the term of the lease with proper exercise of contractual right not to renew." *Id*. at *6. The trial court adopted the referee's conclusion regarding the lack of evidence of racial discrimination. *Id*. at *5-6.

{¶21} Hayes's counterclaims alleging racial discrimination remained pending following this ruling. The trial court subsequently granted summary judgment in favor

---

[5]*See Newell v. Rolling Hills Apts.*, 134 F.Supp.2d 1026, *1038 (C.D.Iowa 2001) ("It appears that the majority of states to consider the question recognize that the landlord's discriminatory conduct, that is, discriminatory conduct towards a tenant on the basis of a protected characteristic, such as race, color, or disability, is a cognizable defense in a forcible entry and detainer action. [Citations omitted.]"); *W.W.G. Corp. v. Hughes*, 960 P.2d 720 (Colo.1998) (summarizing the doctrine of retaliatory eviction as a limitation on a landlord's traditional right to decline to renew a lease for any reason, and citing the defining case as *Edwards v. Habib*, 397 F.2d 687 (D.C.Cir.1968)).

of Palomba on Hayes's counterclaims based on the doctrine of collateral estoppel because the referee considered, but rejected, those claims at the first cause hearing.

{¶22} On appeal in *Palomba*, we found that because of the trial court's adoption of the referee's conclusion regarding the lack of evidence of racial discrimination, "the doctrine of collateral estoppel prevented subsequent relitigation of the issue." *Id*. at *22. In other words, the trial court considered, but rejected, Hayes's allegations of racial discrimination as a defense, and then used that ruling to bar Hayes's counterclaims. We found that the trial court's use of collateral estoppel was appropriate. *Id*. at *21-22. *Palomba* cannot, therefore, be relied on to prevent a tenant from raising a defense of discrimination in a forcible entry and detainer action because the tenant in *Palomba* was able to raise this defense. *Id*. at *19.

{¶23} A similar situation occurred in *Siegler*, 63 Ohio App.2d 76, 408 N.E.2d 1383. The landlord served tenants with a notice of termination of tenancy on March 31, 1978, and a notice to vacate the premises on May 2, 1978. *Id*. at *77. The landlord attached copies of the notices to its complaint in a forcible entry and detainer action. *Id*. The tenants raised as an affirmative defense that the landlord retaliated against them in violation of R.C. Chapter 5321. *Id*. The tenants also raised a retaliatory motive in one of three counterclaims against the landlord. *Id*.

{¶24} In ruling on the landlord's motion for summary judgment, the trial court in *Siegler* relied on the parties' affidavits and pleadings, and found that the landlord initiated the eviction process on March 31, 1978, prior to the conduct giving rise to the tenants'

claim of retaliation that occurred on April 13, 1978. *Id*. at *83. Because the alleged

retaliatory conduct occurred *after* the landlord's initial notice of termination of tenancy,

this court found the trial court's grant of summary judgment in favor of the landlord was

appropriate. *Id*. at *84. "[T]he allegation of retaliatory conduct is[, therefore,]

insufficient to prevent the court from rendering summary judgment in the present case."

*Id*. at *83.

{¶25} Our decision in the present case is only intended to prevent a trial court, in a

forcible entry and detainer action, from relying on the R.C. 5321.03(A)(4) exclusion

when a tenant raises a claim of retaliatory or discriminatory eviction under the FHA or

Ohio Fair Housing Act. R.C. Chapter 4112 is a remedial statute enacted for the purpose

of preventing, inter alia, handicap discrimination in housing. R.C. 4112.08 requires the

liberal construction of the provisions of R.C. Chapter 4112 for accomplishment of its

purposes. Our decision fulfills this requirement and recognizes the purpose of R.C.

Chapter 4112.

{¶26} Our decision is not, however, intended to make a trial court a prisoner to
tenants' assertions of discriminatory practices. As in *Palomba*, 8th Dist. Nos. 65781 and
66714, 1995 Ohio App. LEXIS 1572, and *Siegler*, a trial court may summarily dispose of
such assertions based on the parties' pleadings and filings.

> [E]ven if a tenant can prove a retaliatory purpose, the tenant is not entitled
> to remain in possession in perpetuity. If an illegal purpose is dissipated,
> the landlord can, in the absence of legislation or a binding contract, evict his
> tenants or raise their rents for economic or other legitimate reasons, or even
> for no reason at all. The question of permissible or impermissible purpose is
> one of fact for the court or jury.

*Edwards*, 397 F.2d 687, 702 (D.C.1968).

**{¶27}** A party can make out a prima facie case for discrimination if he or she can show that he or she was a member of a class against which discrimination is prohibited; he or she was qualified to rent the property in question; he or she was evicted; and the property remained available following the eviction. *Maki v. Laakko*, 88 F.3d 361, 364 (6th Cir.1996). *See Hidden Village, L.L.C. v. Lakewood*, 867 F.Supp.2d 920 (N.D.Ohio 2012); *Elliott v. Plaza Properties, Inc.*, S.D.Ohio No. 2:08cv1037, 2010 U.S. Dist. LEXIS 68394 (June 18, 2010).

**{¶28}** Similarly, while the FHA protects from retaliation any person who aids another in the exercise of rights protected by the FHA, *see* 42 U.S.C. 3617, a plaintiff must show a "causal connection * * * between the protected activity and the adverse action" as part of his or her prima facie case. *Regional Economic Community Action Program, Inc. v. Middletown*, 294 F.3d 35, 54 (2d Cir.2002). To establish a prima facie case of retaliation, a plaintiff must show "(1) a protected activity; (2) an adverse employment action; and (3) a causal link between the protected activity and the adverse employment action." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034-1035 (9th Cir.2006).[6]

**{¶29}** Nonspecific, conclusory statements without factual support will not overcome a properly supported motion for summary judgment. *Maki*, 88 F.3d 361, at 364. If he or she wants the case to move beyond the pleadings stage, a fair housing

---

[6]"Employment discrimination case law interpreting the parties' respective burdens under [*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)] is fully applicable" in FHA discrimination cases. *Lindsay v. Yates*, 578 F.3d 407, 414, fn. 7 (6th Cir.2009).

discrimination plaintiff must "allege sufficient material facts to state a plausible claim for relief." *Elliott*, *18-19, quoting *Kasten v. Ford Motor Co.*, E.D.Mich. No. 09-11754, 2009 U.S. Dist. LEXIS 101348 (Oct. 30, 2009).

{¶30} We acknowledge that Masten's counterclaims remain pending in the trial court because the court denied Landlord's motion for summary judgment in connection with them. We also acknowledge that the trial court ordered Masten to vacate the premises within 30 days of its August 3, 2012 entry, and this court denied her request for a stay of proceedings.[7] This court's order vacating the eviction may, therefore, be useless relief for Masten; but given the right to be free from discriminatory eviction under the Acts, vacating the eviction order is a necessity.

{¶31} Masten's first and third assignments of error are sustained. This renders moot her second assignment of error.

{¶32} Judgment is reversed; the order of eviction is vacated; and this cause is remanded for further proceedings to determine whether Landlord violated the Acts in not renewing Masten's lease agreement.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

---

[7]We learned at the appellate hearing that Masten currently resides in the property, and voluntarily pays rent through the common pleas court.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN T. GALLAGHER, J., CONCUR