[Cite as *DLJ Mtge. Capital, Inc. v. Rosario*, 2014-Ohio-1835.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100233

# DLJ MORTGAGE CAPITAL, INC.

### PLAINTIFF-APPELLEE

vs.

# JUAN ROSARIO, ET AL.

### DEFENDANTS-APPELLANTS

## JUDGMENT:
### AFFIRMED

Civil Appeal from the
Berea Municipal Court
Case No. 13-CVG-01075

**BEFORE:** Rocco, J., Jones, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** May 1, 2014

**ATTORNEY FOR APPELLANTS**

Sam A. Zingale
700 Rockefeller Building
614 West Superior Avenue
Cleveland, OH 44113

**ATTORNEYS FOR APPELLEE**

Jason A. Whitacre
Ashley E. Mueller
The Law Offices of John D. Clunk, Co., L.P.A.
4500 Courthouse Boulevard
Suite 400
Stow, OH 44224

KENNETH A. ROCCO, J.:

{¶1} This is an action brought by plaintiff-appellee DLJ Mortgage Capital, Inc. ("DLJ") in the Berea Municipal Court against defendants-appellants Suad Abuebied and Rashid H. Mohammed for forcible entry and detainer with respect to a residential premises located at 21920 Country Way in Strongsville, Ohio.

{¶2} Appellants appeal from the municipal court's decision to award judgment to appellee on its complaint and to order appellants to vacate the property. Appellants present a single assignment of error. They assert that the municipal court's decision was improper because the record demonstrates that appellee failed to comply with the 90-day notice requirement set forth in the Protecting Tenants at Foreclosure Act ("PTFA").[1]

{¶3} Upon a review of the record, this court finds that appellants' assertion lacks merit. Consequently, the municipal court's order is affirmed.

{¶4} DLJ filed this action on May 14, 2013. In its complaint, DLJ stated in pertinent part that: (1) it had "completed a foreclosure action against the owners of the property"; (2) it became the owner of the property by sheriff's sale on January 7, 2013; (3) appellants were occupying the premises without either a lease or "color of title"; (4)

---

[1]This act, found formerly at 12 U.S.C. 5220, et seq., was originally set to expire on December 31, 2012, but was extended until December 31, 2014.

DLJ had served appellants with a 3-day "Notice to Leave" the premises on May 8, 2013;[2] (5) DLJ had served appellants with a 90- day notice to vacate on January 31, 2013; but, (6) appellants "forcibly detained" and still occupied the premises. DLJ attached copies of the relevant documents to its complaint as exhibits.

{¶5} Appellants filed their notice of appearance in the case on May 24, 2013. The case proceeded to a hearing before a magistrate on June 19, 2013. That same day, the magistrate issued his decision. The magistrate decided that appellants were "holdover tenants" of the previous owner of the premises and that judgment should be entered on the complaint in DLJ's favor for "nonpayment."

{¶6} On June 26, 2013, appellants filed a motion for an "emergency stay" of the magistrate's decision, and filed their objections the following day. Appellants claimed that they were "bona fide tenants" that were entitled to the 90-day notice provision of the PTFA, and that DLJ's 90-day notice was insufficient to comply. Appellants attached a copy of the transcript of the June 19, 2013 hearing.

{¶7} On July 5, 2013, based upon appellants' objections, the municipal court issued an order that "rejected" the magistrate's decision. The court set the matter for a new hearing before a different magistrate "ASAP."

{¶8} The hearing took place on July 7, 2013. That same day, the magistrate issued his decision in DLJ's favor, finding that "the 90 day notice and 3 day notice were properly prepared and served" on appellants.

---

[2]The notice contained a typographical error that indicated the year as "2012."

{¶9} On July 22, 2013, appellants once again filed objections, asserting that the magistrate's decision "violate[d] Defendants [sic] federally-protected rights under the Protecting Tenants at Foreclosure Act of 2009." Appellants attached as exhibits to their objections only a partial transcript of the July 7, 2013 hearing and a copy of an email. Neither of these attachments was either verified or authenticated. However, the email referenced a case filed by DLJ in the Cuyahoga County Court of Common Pleas against the same defendants, viz., CV-07-643833.

{¶10} On July 24, 2013, the municipal court overruled appellants' objections and adopted the magistrate's decision. The court entered judgment in DLJ's favor on its complaint, ordering that appellants vacate the premises by August 12, 2013, but stayed the judgment pending the outcome of this appeal.

{¶11} Appellants present the following assignment of error.

> I. The trial court erred in granting appellee's request for eviction because appellee never provided appellants with the proper 90 day notice to vacate to which they were entitled pursuant to the Protection [sic] of Tenants in [sic] Foreclosure Act ("PTFA").

{¶12} Appellants argue that the municipal court's order should be reversed because their status as "bona fide tenants" under the PTFA had been established in CV-07-643833, the case that DLJ instituted in the Cuyahoga County Court of Common Pleas. They argue that such a status required more specificity than what the 90-day notice to vacate that DLJ served upon them contained. Their arguments lack merit.

{¶13} According to the record, although DLJ filed case number CV-07-643833 in the common pleas court seeking a writ of possession with respect to the premises, DLJ

later dismissed the action. A plaintiff's voluntary dismissal of a claim pursuant to Civ.R. 41(A)(1) renders the court's previous rulings a nullity. *Bradley v. Dollar Gen.*, 5th Dist. Fairfield No. 11-CA-45, 2012-Ohio-3700, ¶ 36. Thus, whatever the common pleas court placed in a journal entry in that case neither affected this case nor had authority over the municipal court.

**{¶14}** The evidence in the record demonstrates that the provisions of the PTFA had no application in this case. In pertinent part, the PTFA states:

### SEC. 702. EFFECT OF FORECLOSURE ON PREEXISTING TENANCY.

(a) IN GENERAL.

In the case of any foreclosure on a federally related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, *any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to -*

(1) the provision, by such successor in interest of a notice to vacate to any *bona fide tenant at least 90 days before the effective date of such notice*; * * * .

* * *

(b) BONA FIDE LEASE OR TENANCY.

For purposes of this section, a lease or tenancy shall be considered bona fide *only if -*

* * *

(3) the lease or tenancy *requires the receipt of rent that is not substantially less than fair market rent for the property* or the unit's rent is reduced or subsidized due to a Federal, State, or local subsidy.

(Emphasis added.)

**{¶15}** Appellant Mohammed admitted that the oral lease with the previous owner had expired. Appellants did not dispute that they were living on the premises and that they paid no rent. *Machshonba v. Cleveland Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 96811, 2011-Ohio-6760, ¶ 14; *compare Victoria Mtg. Corp. v. Williams*, 8th Dist. Cuyahoga No. 68012, 2006 Ohio App. LEXIS 1683 (Apr. 25, 1993). Thus, appellants did not qualify as "bona fide tenants" under the PTFA and state law applied. *Machshonba* at ¶ 12; *Ziegler v. Batdorff*, 63 Ohio App.2d 76, 408 N.E.2d 1383 (8thDist.1979).

**{¶16}** At the first magistrate's hearing, moreover, DLJ's agent testified that he placed a 90-day notice on the front door of the residence on January 31, 2013. *See Esho v. Shamoon, Inc.*, 6th Dist. Lucas No. L-06-1189, 2007-Ohio-1529, ¶ 12. R.C. 5321.17(B) requires only a 30-day notice. The notice was directed to the former owner and/or his "Tenant." Appellant Mohammed admitted that his wife found DLJ's 90-day notice. As this court noted in *K & D Mgmt. v. Masten*, 8th Dist. Cuyahoga No. 98894, 2013-Ohio-2905, ¶ 12-13:

> The underlying action commenced as one to reclaim property where an owner terminates the leaseholder's right to rent the property. The owner is provided a summary action under R.C. Chapter 1923, forcible entry and detainer, to quickly reclaim the property. R.C. 1923.02 specifically allows an owner to bring a forcible entry and detainer action against a tenant who holds over a term. * * *

> * * * Forcible entry and detainer is, therefore, designed to be a summary action allowing speedy relief. Any delay *caused through added processes*, including the assertion of defenses, *is contrary to the speedy relief intended by R.C. Chapter 1923.*

> (Emphasis added.)

**{¶17}** In this case, R.C. Chapter 1923 governed the form of the notice to vacate the premises. Nothing in R.C. 1923.04 required DLJ to state in the notices to vacate the premises with specificity either appellants' names or "the move out date." Additional requirements such as the ones asserted by appellants, especially in light of the lack of any written lease agreement between appellants and the former owner of the premises, would be against the statutory intent. *See, e.g., Hil-Roc Condo. Unit Assoc. v. HWC Realty, Inc.*, 8th Dist. Cuyahoga No. 87344, 2006-Ohio-4770.

**{¶18}** For the foregoing reasons, the municipal court committed no error. Appellants' assignment of error, accordingly, is overruled.

**{¶19}** The municipal court's order is affirmed.

It is ordered that appellee recovers from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

LARRY A. JONES, SR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR